METROPOLITAN LIFE INSURANCE COMPANY, a body corporate of the State of New York.

v.

Ella Anna CARR and Howard E. Carr, Jr., an infant.

Civ. No. 10401.

United States District Court
D. Maryland.

Jan. 29, 1959.

W. Hall Harris, Jr., Norman P. Ramsey, and James D. Peacock, Baltimore, Md., for plaintiff.

Sidney Goldscheider and Julius G. Maurer, Baltimore, Md., for Ella Anna Carr.

John H. Somerville, Baltimore, Md., for Wilfred W. Butschky, guardian ad litem for Howard E. Carr, Jr., an infant.

THOMSEN, Chief Judge.

The guardian ad litem for the infant defendant in this interpleader action, through his court-appointed attorney, objects to the request served on him by the other defendant for admission of certain facts and of the genuineness of certain documents. He questions the authority of a guardian ad litem to make any admissions on behalf of an infant defendant.

It has long been recognized that "the guardian *ad. litem* is so appointed, as often to know nothing of the matter himself; and too much caution cannot well be observed, in guarding the rights

378

of infants, not only against the improvident answers of honest guardians, but against the answers of such as may have sinister views * * *. The better and safer course, therefore, for all concerned, is in every case, in which an infant is a defendant, answering by his guardian, to put the plaintiff upon the proof of the material allegations in his bill, in the same manner, as if nothing had been admitted by the answer, unless otherwise expressly provided by law. It is the proper course, and that which prevails elsewhere." Kent's Administrators v. Taneyhill, Md.1833, 6 Gill & Johnson 1. See also White v. Joyce, 158 U.S. 128, 146, 15 S.Ct. 788, 39 L.Ed. 921, quoting Story, Equity Pleading.

"An infant party to an action is the ward of the court and it is the court's duty to see that the infant's rights are protected. This is particularly true whenever the property rights of an infant are involved in litigation. It is the duty of the guardian ad litem to examine into the case, to determine what the rights of his ward are and what defense his interest demands, and vigorously to present that defense. It is the special duty of the guardian to submit to the court for its consideration and decision every question involving the rights of the infant which may be affected by the action. It is incumbent upon the court so far as practicable to see that the guardian protects the interests of the minor by filing proper pleadings and preparing and presenting a full defense." United States v. E. I. du Pont de Nemours & Co., D.C.Ill., 13 F.R.D. 98, 104.

█ The purpose of Rule 36, 28 U.S. C.A., however, is to require admission of matters which ought to be admitted, or which will not be disputed at the trial, so that the time, trouble and expense required to prove them may be avoided. The parties, including the infant, should not be put to unnecessary expense if the interests of the infant do not require further proof of the matters covered by the request for admission.

The attorney for the guardian ad litem has stated on the record that he is satisfied that the facts set out in the first and second numbered paragraphs of the request are true, and that the documents referred to therein are genuine; but he feels that proof should be required of the matters set out in the other paragraphs of the request.

█ Under those circumstances a court-appointed attorney should advise the guardian ad litem to admit the undisputed facts and documents; when so advised, the guardian ad litem has authority to do so. If either the attorney or the guardian ad litem is in doubt as to what is the best interest of the infant, he may apply to the court for instructions. At the trial, the judge will be able to tell if any unjustified admissions have been made, and to take appropriate action.

The objections and exceptions to the requests for admissions are hereby overruled. The guardian ad litem may answer the 3, 4 and 5 paragraphs by stating that in his opinion the interests of the infant require that proof of those matters should be offered.