## Richmond

T. J. Marshall v. Ennis Dean Et Al., Trustees of Grottoes
Free Pentecostal Church.

March 7, 1960.

Record No. 5037.

Present, All the Justices.

The opinion states the case.

*James R. Sipe* and *George R. Aldhizer, Jr. (Wharton, Aldhizer & Weaver*, on brief), for the plaintiff in error.

*George D. Conrad* and *Donald D. Litten*, for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

■ The question to be decided in this case is whether the trial court erred in sustaining the appellees' motion for a summary judgment and entering final judgment in their favor.

By deed dated November 12, 1941, T. J. Marshall, plaintiff below and appellant now, conveyed a parcel of land to named trustees of the Grottoes Free Pentecostal Church, or their successors, for the sole and exclusive use and benefit of said church, which, for the purposes of the deed, was defined "as a religious congregation who shall be governed by a board of three deacons or deaconesses, who shall have had the experience of the baptism of the Holy Ghost with the initial evidence of speaking in other tongues, according to the Bible, Acts 2 and 4, at the election, which deacons or deaconesses, or their successors in office, shall be reelected or elected anew annually by the members of the above named congregation of worship." The deed then continued:

"This conveyance is made upon the express reservation, and the said parties of the first do hereby expressly reserve and provide, that should at any time in the future the property hereinbefore conveyed cease to be used as a place of worship by the said Free Pentecostal Church of Grottoes, Virginia, or should any congregation seeking to use said property, as a place of religious worship not being governed and controlled in their worship in the manner hereinbefore provided, then and in the event the said real estate shall immediately revert to T. J. Marshall."

September 17, 1958, the said T. J. Marshall filed a motion for judgment against the then trustees of said church, now the appellees, in which he alleged (1) that since on or about July 11, 1958, said real estate had not been used as a place of worship by the members of the said church; and (2) that said real estate "is now in the possession of, and the church located thereon is now being governed by, a congregation whose beliefs are foreign to those of the Free Pente-

costal Church." He prayed for a judgment in ejectment for the possession of and title to the property.

The defendants filed a demurrer to the motion which the court overruled, and on motion of the defendants ordered that the plaintiff file a bill of particulars "with respect to the alleged violation of the restrictive covenants in the Marshall deed." Defendants were allowed to file grounds of defense or other pleadings to the motion for judgment.

November 15, 1958, plaintiff filed a bill of particulars which stated that "the conditions in the deed referred to and made a part of the Motion for Judgment have been breached as follows". These were the allegations that followed:

That on or about July 16, 1958, a meeting of the congregation of the then Free Pentecostal Church was called by its minister for the purpose of voting whether to remain in the Free Pentecostal Conference by continuing to accept their doctrines, "or accept the Jesus Only or Apostolic doctrines and be excluded from the Free Pentecostal Conference"; that the three deacons then in office were "not consulted in order to decide which course of action should be taken although the deed expressly requires that the religious congregation shall be governed by a board of three deacons or deaconesses"; that the deed required that the board of three deacons or deaconesses should be elected annually but that the three deacons in office on July 16, 1958, were elected in or about June, 1958, and were removed as deacons on or about the latter part of July, 1958, thereby breaching the condition in the deed requiring the annual election of deacons.

December 4, 1958, the defendants filed their grounds of defense and motion for summary judgment. As grounds of defense they denied (1) that the July 16 meeting was called by the minister and averred that it was called by the deacons; (2) that the meeting was called to consider any change in the doctrine of the church; and (3) that there had been any violation of the restrictive covenants in the deed. They averred (1) that the church had at all times been governed by a board of three duly elected and qualified deacons and that no covenant in the deed prohibited the congregation from removing any deacon or from electing a successor to any deacon who might resign or be removed; (2) that the main value of the property was in the buildings and if the plaintiff prevailed his recovery should be for the value of the land, or he should pay for the improvements thereon; and (3) that the facts alleged in the bill of

particulars, if true, were not sufficient to constitute a cause of action, and therefore they moved for summary judgment.

January 23, 1959, the court entered the order complained of, reciting that the parties were at issue, and that the facts stated in the bill of particulars were not such as to constitute a violation of the restrictive covenants in the deed, or to support the charge of such violation as stated in the plaintiff's motion for judgment, and the motion for summary judgment was sustained.

Rule 3:12 of the Rules of Court provides that the parties are at issue when the required pleadings have been filed or the time for filing them has expired. Rule 3:18 (a) provides that all bills of particulars and motions in writing are pleadings. Rule 3:20 provides that either party may make a motion for summary judgment at any time after the parties are at issue and "If it appears from the pleadings, the orders, if any, made at a pretrial conference, the admissions, if any, in the proceedings, or, upon sustaining a motion to strike the evidence, that the moving party is entitled to judgment, the court shall enter judgment in his favor. Summary judgment shall not be entered if the amount of damages or any other material fact is genuinely in dispute."

The bill of particulars filed by the plaintiff, referred to above, appears to have related only to the allegation of the motion for judgment that the church was being governed by a congregation whose beliefs were foreign to those of the Free Pentecostal Church. Whether the matters alleged in the bill of particulars were sufficient to show a breach of the covenant in the deed in that respect may be doubted, but assuming them to be insufficient, there remained the allegation of the motion for judgment that the property had ceased to be used as a place of worship by the members of the Free Pentecostal Church and was now in the possession of a congregation holding different beliefs.

In their grounds of defense the defendants traversed the allegations of the motion for judgment and concluded, as noted, with the averment that the facts stated in the bill of particulars even if true were not sufficient to constitute a cause of action.

It is not necessarily the function of a bill of particulars to state a cause of action. That is the function of the motion for judgment. Burks Pl. & Pr., 4 ed., § 252, p. 450; *Miller* v. *Johnson, Inc.,* 191 Va. 768, 776, 62 S. E. 2d 870, 874. "The statement of particulars does not constitute the issue to be tried, and need not be as formal or precise as a declaration or plea. If it is not sufficient, the court should

require a sufficient statement, and if it is not furnished, exclude evidence of any matter not described in the notice, declaration, or other pleading, so plainly as to give the adverse parties notice of its character." Burks Pl. & Pr., *supra*, § 255, p. 453. *Columbia Accident Ass'n v. Rockey*, 93 Va. 678, 683, 25 S. E. 1009, 1010; Code § 8-111.

■ Rule 3:20, providing for summary judgment, also provides that it shall not be entered if any material fact is genuinely in dispute. It was adopted "to provide trial courts with authority to bring litigation to an end at an early stage, when it clearly appears that one of the parties is entitled to judgment within the framework of the case as made out by the pleadings, the pretrial conference, and the admissions in depositions. . . . but it does not substitute a new method of trial where an issue of fact exists. . . . and is not intended as a substitute for a demurrer, a demurrer to the evidence or a motion to strike." *Carwile* v. *Richmond Newspapers, Inc.*, 196 Va. 1, 5, 82 S. E. 2d 588, 590. *Goode, Adm'r* v. *Courtney*, 200 Va. 804, 807, 108 S. E. 2d 396, 399; Burks Pl. & Pr., *supra*, § 190, pp. 303-4.

■ Within the framework of the record before us the defendants were not entitled to summary judgment. It cannot be said that no material fact was genuinely in dispute. In dispute was the material allegation made in the motion for judgment and denied in the grounds of defense, that in violation of the restrictive covenants in the deed the property had ceased to be used as a place of worship by the members of the Free Pentecostal Church and was in the possession of a congregation whose beliefs were foreign to those of said church. While it is true that plaintiff's bill of particulars stated that the conditions in the deed "have been breached as follows", yet what followed dealt with the method of government and did not, at least in terms or by necessary implication, wipe out the allegation of the motion as to the use and possession of the property. If the defendants desired amplification or explanation of this specific allegation of the motion for judgment, they should have proceeded in accordance with that part of Rule 3:18(d) which provides with respect to bills of particulars as follows:

". . . A bill of particulars that fails to inform the opposite party fairly of the true nature of the claim or defense may, on motion made promptly, be stricken and an amended bill of particulars ordered. If the amended bill of particulars fails to inform the opposite party fairly of the true nature of the claim or defense, the pleading not so amplified and the bills of particulars may be stricken."

The order appealed from is therefore reversed, the summary judgment is set aside, and the case remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*