## Richmond

GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LTD. v.
HENRY COHEN, T/A, ETC.

October 8, 1962.

Record No. 5464.

Present, All the Justices.

*Frank L. Ball, Jr.* and *J. Coleman Bean* (*Ball, McCarthy, Ball and Embrey*, on brief), for the plaintiff in error.

*Haynie S. Trotter* (*Bauknight, Prichard, McCandlish & Williams*, on brief), for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

This is an appeal by the defendant, General Accident Fire and Life Assurance Corporation, from a summary judgment which was entered in favor of the plaintiff, Henry Cohen, based upon an unanswered request for admissions directed to the defendant pursuant to the provisions of Code § 8-111.1, Acts of Assembly, 1960, ch. 468, p. 725. The relevant part of the section reads:

"Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than ten days after service thereof or within such shorter or longer time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part * * *."

The material parts of plaintiff's motion for judgment, filed on June 16, 1960, alleged (1) that on or about April 3, 1959, he and the defendant entered into a written contract of insurance whereby the defendant agreed to insure and indemnify the plaintiff for a period of three years for any fire damage to a 1959 Chevrolet truck to the extent of its actual cash value of loss and damage; and (2) that on or about April 13, 1960, near Newburgh, New York, the insured truck caught fire resulting in loss and damage to the plaintiff in the sum of $7,301.50.

In its answer and grounds of defense and at the pre-trial proceedings the defendant denied liability to any extent and especially in the amount alleged by the plaintiff in the motion for judgment. It averred (1) that it entered into a contract of insurance with the plaintiff but that it did so on the warranty of the plaintiff that the vehicle covered would not make regular or frequent trips during the policy period to any location beyond a "50 mile radius" from Arlington, Virginia, the principal place of garaging the vehicle; (2) that an endorsement limiting the use and coverage to the "50 mile radius" was attached to the insurance contract on May 6, 1959, and was effective from April 3, 1959, to April 3, 1962; and (3) that an investigation after the fire occurred disclosed that the insured vehicle had made regular or frequent trips beyond the 50 mile limitation, which violated the

warranty and the provisions of the endorsement, and therefore coverage was excluded under the policy.

The plaintiff admitted in his bill of particulars that the truck had made "approximately 28-30 trips, more or less" beyond the 50 mile radius of Arlington, Virginia, but denied that there was such a limitation endorsement in effect upon the policy sued on.

At the pre-trial conference held on February 7, 1961, the plaintiff conceded that the policy sued on covered loss by fire only up to the actual cash value of the insured vehicle at the time of the loss. He denied (1) that he had actual or constructive notice of the "50 mile radius" limitation endorsement until after the loss had occurred, and (2) that he had made any representations or assurances concerning any limitation on the use of the insured vehicle.

The contentions of the respective parties were reduced to writing in the form of a pre-trial order and the case was set for trial by a jury on July 10, 1961.

On May 15, 1961, the plaintiff, pursuant to but not mentioning Code § 8-111.1, requested the defendant to admit no later than May 29, 1961, the following:

"1. That the alleged 50 mile radius endorsement relied upon by the defendant in its pre-trial statement and in paragraph 2 of its answer and grounds of defense was never sent by the defendant or its agent to the plaintiff, Henry Cohen, by registered mail or otherwise.

"2. That the damages to the plaintiff's property in the amount of $7,301.50, as alleged in the plaintiff's motion for judgment is not in dispute nor was the amount questioned by the defendant when plaintiff submitted his proof of loss."

No reply having been made by the defendant within the designated time, the plaintiff moved for a summary judgment. He contended that the facts in the request for admissions must be taken as admitted pursuant to Code § 8-111.1; that no material fact, including the amount of damages, was in dispute; and that the attempted cancellation of the policy by adding the 50 mile radius endorsement must be held ineffective because it was not made by registered mail in accordance with Code § 38.1-381.1,[1] Acts of Assembly, 1954, c. 263, pp. 323, 324. The trial court sustained plaintiff's motion and granted summary judgment in his favor in the sum of $7,301.50 on the grounds that since the request for admissions was unanswered by defendant these facts were established as admitted and that there was no factual question to be determined by a trial.

---

[1] Subsequently amended, Acts of Assembly, 1960, c. 127, pp. 132, 133.

■ The sole question presented on this appeal is whether the trial court erred in entering summary judgment for the plaintiff on facts deemed to be admitted upon the defendant's failure to reply to the request for admissions.

Section 8-111.1 was taken verbatim from Rule 36 of the Federal Rules of Civil Procedure. At the time of the enactment of the statute by the 1960 Session of the General Assembly the federal decisions referring to the purpose and scope of Rule 36 held that it was to be used only for the purpose of obtaining admissions of facts not in dispute. *Van Horne* v. *Hines* (D. C., 1940), 31 F. Supp. 346, 348; *Demmert* v. *Demmert* (D. C. Alaska, 1953), 115 F. Supp. 430, 433; *Metropolitan Life Insurance Co.* v. *Carr* (D. C. Md., 1959), 169 F. Supp. 377, 378; *Syracuse Broadcasting Corporation* v. *Newhouse* (2 Cir., 1959), 271 F. 2d 910, 917; 4 Moore's Fed. Prac., pars. 36.02, 36.04, pp. 2705, 2711, 1961 Supp. pp. 192, 193, 194. The legislature is presumed to have adopted the construction of the statute placed upon the verbatim language of Rule 36 by the federal courts. *Lumber-mens Mut. Cas.* v. *Indemnity Ins.*, 186 Va. 204, 209, 42 S. E. 2d 298, 300, 301. Hence it was not the intention of the legislature that § 8-111.1 was to be used to obtain admissions of controverted facts.

The procedure dealing with requests for admissions is not to be used to cover the entire case and every item of evidence, but to force admissions of facts about which there is no real dispute. *Benton* v. *McCarthy* (D. C. N. Y., 1959), 23 F. R. D. 235, 236; *Fuhr* v. *Newfoundland-St. Lawrence Shipping, Ltd., Panama* (D. C. N. Y., 1959), 24 F. R. D. 9, 10; *McHugh* v. *Reserve Mining Company* (D. C. Ohio, 1961), 27 F. R. D. 505, 507; 4 Moore's Fed. Prac., 1961 Supp. par. 36.04, p. 194.

The purpose of statutes and rules of procedure providing for admissions is to eliminate those facts which will not be disputed at the trial or about which there is no real controversy, to relieve the parties of the burden of proving them, to expedite the trial, and to facilitate a proper decision on the merits. *Gore* v. *Cunningham* (Tex. Civ. App.), 297 S. W. 2d 287, 291; *Mosby* v. *Texas and P. Ry. Co.* (Tex. Civ. App.), 191 S. W. 2d 55, 58; *Laskowski* v. *Atomic Cleaners & Dyers*, 8 Terry (47 Del.) 198, 89 A. 2d 157, 159, 160; 27 C. J. S., Discovery, § 89, pp. 273, 274.

The admissions requested in the present case call for the admission of facts which are genuinely in dispute. The defendant, in its pleadings and at the pre-trial proceedings, had denied that the plaintiff was entitled under the provisions of the insurance contract to recover

$7,301.50 and had asserted affirmatively that the endorsement was attached to the policy and was effective from the inception of the policy period, which the plaintiff in turn had denied. It is manifest by the pre-trial order which summarized the contentions of each party that these issues of fact were in real dispute.

 Rule 3:20 of the Rules of Court provides that a motion for summary judgment may be made in those cases that cannot be reached by demurrer in which the only dispute concerns a pure question of law. *Carwile* v. *Richmond Newspapers*, 196 Va. 1, 5, 6, 82 S. E. 2d 588, 590, 591. It is applicable only to these cases where no trial is necessary because no amount of evidence could affect the result. *Kasco Mills* v. *Ferebee*, 197 Va. 589, 593, 90 S. E. 2d 866, 870; *Marshall* v. *Dean*, 201 Va. 699, 703, 112 S. E. 2d 895, 898. This Rule provides in part that "Summary judgment shall not be entered if the amount of damages or any other material fact is genuinely in dispute."

Since § 8-111.1 is not to be invoked to obtain admissions of disputed facts, no admissions resulted from the defendant's failure to reply to the improper request and it should not be penalized for failure to respond by having summary judgment entered against it. See *Maryland Casualty Company* v. *Green* (D. C. E. D. Pa., 1958), 167 F. Supp. 226, 228, aff'd (3 Cir., 1959), 266 F. 2d 31.

Even if the provisions of the statute had been properly invoked and the facts requested had been deemed admitted, summary judgment should not have been rendered because there remained other issues of fact genuinely in dispute.

Matters admitted for want of an answer to a request for admissions are admitted only as stated in the request. *Woods* v. *Robb* (5th Cir., 1948), 171 F. 2d 539; *Ark-Tenn Distributing Corp.* v. *Breidt* (3rd Cir., 1954), 209 F. 2d 359.

An admission that the endorsement had not been sent to plaintiff personally would not alone establish that the endorsement was not binding on the plaintiff. If it had been delivered to the plaintiff's duly authorized agent, it would have been binding on him. The defendant's answer and grounds of defense specifically alleged that the endorsement was attached to the policy on May 6, 1959, and was an integral part thereof from the date of its issuance. This the plaintiff denied. Thus, whether the policy was subject to the endorsement as of the date of its issuance was an issue of fact that remained genuinely in dispute when summary judgment was granted.

The record shows that under the terms of the policy the defendant

was only liable for the actual cash value of the insured truck at the time of the loss, and not for other property of the plaintiff which may have been in the truck when it was destroyed by fire. The value of the truck when new, including equipment, was stated in the policy to be $5,301.50, and this was the limit of defendant's liability, if any. The plaintiff's request for admissions called on the defendant to admit that the damage to the "plaintiff's property" was $7,301.50. The defendant was not requested to admit the actual cash value of the truck at the time of the loss. Hence there was no admission that the actual cash value of the truck at the time of the loss was $7,301.50. The issue of damages remained in dispute when summary judgment was entered.

The defendant averred in its grounds of defense that the policy was issued on plaintiff's warranty that the vehicle would not make trips beyond a 50 mile radius, and the plaintiff in the pre-trial proceedings denied that the policy was issued on such a warranty. Whether there was such a warranty was also an issue of fact still in dispute when summary judgment was granted.

For the reasons stated, the judgment of the court below is

*Reversed and remanded.*