Beverly G. HALL (minor), by her father and next friend, William D. Hall

v.

Henry Robert HAGUE (a minor), and James D. Hague, individually and as father and next friend.

Civ. No. 15001.

United States District Court
D. Maryland.

March 11, 1964.

Richard S. Wright, Baltimore, Md., for plaintiff.

S. Herbert Harris and David L. Bowers, Baltimore, Md., for defendants.

THOMSEN, Chief Judge.

In this action for personal injuries to a seven year old girl brought in her name as plaintiff by her father and next friend, plaintiff has objected to nineteen interrogatories served on her counsel, on the ground that she is too young to make responsive answers under oath, as required by Rule 33, F.R.Civ.P.

■ This Court agrees with counsel for plaintiff that the next friend is not a party to the suit. Ju Shu Cheung v. Dulles, D.Mass., (Aldrich, J.), 16 F.R.D. 550, 552 (1954). However, in Metropolitan Life Insurance Company v. Carr, D. Md., 169 F.Supp. 377 (1959), where a guardian ad litem for an infant defendant objected to a request for admissions served on him, this Court said:

> " 'An infant party to an action is the ward of the court and it is the court's duty to see that the infant's rights are protected. This is particularly true whenever the property rights of an infant are involved in litigation. It is the duty of the guardian ad litem to examine into the case, to determine what the rights of his ward are and what defense his interest demands, and vigorously to present that defense. It is the special duty of the guardian to submit to the court for its consideration and decision every question involving the rights of the infant which may be affected by the action. It is incumbent upon the court so far as practicable to see that the guardian protects the interests of the minor by filing proper pleadings and preparing and presenting a full defense.' United States v. E. I. du Pont de Nemours & Co., D.C.Ill., 13 F.R.D. 98, 104.

> "The purpose of Rule 36, 28 U.S. C.A., however, is to require admission of matters which ought to be admitted, or which will not be disputed at the trial, so that the time, trouble and expense required to prove them may be avoided. The parties, including the infant, should not be put to unnecessary expense if

the interests of the infant do not require further proof of the matters covered by the request for admission.

"The attorney for the guardian ad litem has stated on the record that he is satisfied that the facts set out in the first and second numbered paragraphs of the request are true, and that the documents referred to therein are genuine; but he feels that proof should be required of the matters set out in the other paragraphs of the request.

"Under those circumstances a court-appointed attorney should advise the guardian ad litem to admit the undisputed facts and documents; when so advised, the guardian ad litem has authority to do so. If either the attorney or the guardian ad litem is in doubt as to what is the best interest of the infant, he may apply to the court for instructions. At the trial, the judge will be able to tell if any unjustified admissions have been made, and to take appropriate action." 169 F.Supp. at 378.

█ The same considerations apply in this case. At the hearing on the objections plaintiff's attorney stated that he saw no reason why he should not answer interrogatories 1, 2, 3, 6 (so far as the names have not been included in the answers to 1, 2 and 3), 10, 11, 16, 17, 18 and 19.

The objections to interrogatories 5, 8, 9, 12, 13, 14 and 15 are hereby sustained, most of them for grounds stated in Buining v. The Transporter, D.Md., 171 F. Supp. 127 and 171 F.Supp. 465 (1959).

Objections to the other interrogatories (except 4, which has been withdrawn) are hereby denied. The answers may be (a) signed and sworn to by the next friend, or (b) signed by the attorney for the plaintiff.