## CIRCUIT COURT OF FAIRFAX COUNTY

Wierzbicki

v.

Shirley

June 20, 1989

Case No. (Law) 88840

By JUDGE RICHARD J. JAMBORSKY

This matter is before the Court on Plaintiff's Motion to test the sufficiency of admissions and for attorney fees and costs. Plaintiff's Motion specifically attacks the objection by Defendant to eight of the eighteen admissions propounded.

Plaintiff asserts that Defendant's objections to Requests 3, 4, 5, and 6 on the basis that the requests call for legal conclusions do not set forth a valid objection to these requests. Plaintiff further asserts that these requests are proper because the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The objections to requests 3, 4, 5, and 6 are clearly baseless. Request # 3 asks for the admission of a fact and does not require any legal conclusion. Requests 4, 5, and 6 simply ask Defendant to admit that she has the duties imposed on all drivers to keep a proper lookout, maintain control of her vehicle, and devote her full time and attention to the operation of her vehicle. These Requests do not ask for legal conclusions, rather they ask the Defendant to admit that she was in compliance with the duties charged to every individual who operates a motor vehicle on the highways of the Commonwealth. The

privilege to operate a motor vehicle in Virginia concurrently requires the operator to comply with these and other duties.

Defendant also objected to Request 7 on the ground that it called for a legal conclusion. Plaintiff contends that this request is proper and that Rules 4:11(a) and 4:1(b) of the Rules of the Supreme Court of Virginia specifically allow for this type of Request. Rule 4:1(b) permits discovery relating to Plaintiff's and Defendant's claims and/or defenses. Rule 4:11(a) requires that the reason(s) for the objection be stated in full.

Defendant's objection to Request # 7 is invalid. The Rules set forth above permit Plaintiff to request that Defendant admit that Plaintiff was lawfully operating his motor vehicle in order to further his claim for negligence against Defendant. Likewise, Defendant can deny the request and assert that Plaintiff was guilty of contributory negligence.

Defendant's objection to Request # 8 is also on the grounds that the request calls for a legal conclusion as well as an ultimate finding of fact. Plaintiff again asserts that an objection on this basis is invalid. Plaintiff further asserts that requests as to the ultimate facts at issue are proper.

In *General Accident Fire and Life Assurance Corp. v. Cohen*, 203 Va. 810, 127 S.E.2d 388 (1962), the Court stated that Part Four of the Rules of Virginia are based upon the Discovery Rules in Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 36, the equivalent of Rule 4:11 of the Rules of the Supreme Court of Virginia has been interpreted to allow admissions as to the ultimate fact at issue. *See, Rome v. U. S.*, 450 F. Supp. 378 (D. D.C. 1978).

The objection to Request 8 on the ground that it calls for an admission as to an ultimate fact may be valid depending on the scope of Rule 4:11. However, an objection on the basis that the request calls for an ultimate fact to be admitted should be supported with additional information available to Defendant to provide a complete admission or denial pursuant to Rule 4:11.

Defendant's assertion to Request 9 is that the police report itself is inadmissible. Rule 4:1(b)(1) states that:

> It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Defendant could have denied the request and stated the reason(s) for the denial. This would further the stated purpose of admissions which is to eliminate from trial undisputed issues and the proof of agreed-upon facts. The language of Rule 4:1(b)(1) establishes that Plaintiff's Request # 9 was proper and within the scope of discoverable evidence. Defendant's objection to Request 15 is that it calls for a legal conclusion as to the proximate cause of the accident. Plaintiff asserts that this objection is invalid for the same reasons that the objection to Request 8 is invalid. This request asks for a factual admission and an admission as to one of the possible issues of causation. The request for a factual admission is proper and should have been properly denied or admitted.

Defendant's objection to Requests 3, 4, 5, 6, 7, 9 and the first part of 15 are invalid and improper. The end result of these objections has been to delay this action and prejudice the Plaintiff from going forward with his case in an expeditious manner.

The Court concludes that this conduct violates Virginia Code § 8.01-271.1. The Court awards sanctions against Defendant and his counsel, Mr. Locklin, in the amount of $150.00. Rule 4:12(b)(2)(A) of the Rules of the Supreme Court of Virginia provides this Court with the discretion to order that the subject matter of the Request to Admit shall be taken as established because of Defendant's evasive and incomplete answers. Defendant shall have fourteen days from the date of this letter in which to provide complete and proper responses to the Request for Admissions.