# CIRCUIT COURT OF FAIRFAX COUNTY

Tanners Cluster Ass'n
Board of Directors

v.

Michael DiLeo et al.

April 7, 1997

Case No. (Law) 158131

BY JUDGE STANLEY P. KLEIN

This matter is before the Court on the plaintiff's motion for reconsideration of my February 14, 1997, order denying plaintiff's motion for summary judgment.

Under Virginia law, "[s]ummary judgment is a drastic remedy which is available only where there is no material fact genuinely in dispute." *Shevel's Inc. v. Southeastern Assoc.*, 228 Va. 175, 181 (1984). "It applies only to cases in which no trial is necessary because no evidence could affect the result." *Fire Assurance Corp. v. Cohen*, 203 Va. 810, 814 (1962). Pursuant to Rule 3:18 of the Rules of the Supreme Court of Virginia, a court may consider the pleadings, the orders, if any, made at a pre-trial conference and the admissions, if any, in the proceedings in determining whether a party is entitled to summary judgment.

In its motion for reconsideration, plaintiff relies upon Virginia Code § 8.01-389 in asserting that the deeds attached to the plaintiff's motion for summary judgment were in fact true and accurate copies of the Land Records of Fairfax County. Plaintiff misconstrues the import of Virginia Code § 8.01-389. Pursuant to Virginia Code § 8.01-389(A), "[t]he records of any judicial proceeding and any other official records of any court of this Commonwealth shall be received as *prima facie* evidence provided that such records are authenticated and certified by the clerk of the court where preserved to be a true record." (Emphasis supplied.) At best, this section merely shifts the

burden of proof at trial from the plaintiff to defendant to establish that these documents are not authentic. It does not conclusively establish that there are no material facts genuinely in dispute concerning these documents. *See Slone v. General Motors Corp.*, 249 Va. 520 (1995); *Turner v. Lotts*, 244 Va. 554, 556 (1992).

Plaintiff further argues that defendant's failure to present any proof to rebut the statutory presumption of authenticity at the hearing on plaintiff's motion for summary judgment requires the Court to find that the deeds are in fact authentic. The Court disagrees. Contrary to the Federal Rules of Civil Procedure where a party may be required to file a counter affidavit to defeat a motion for summary judgment, no such requirement exists under Virginia law. In addition, the failure to file a written opposition to the motion for summary judgment under local preferred procedures cannot have the effect of rewriting the Rules of our Supreme Court.

As it does not "*clearly* appear that one of the parties is entitled to a judgment in the case as made out by the pleadings and the parties' admissions," *Renner v. Stafford*, 245 Va. 351, 353 (1993); *Carson v. LeBlanc*, 245 Va. 131, 139-140 (1993) (emphasis in original), summary judgment at this preliminary stage of this litigation is inappropriate. Accordingly, the motion for reconsideration is denied without prejudice to the plaintiff presenting a subsequent motion for summary judgment when and if all material facts are deemed admitted.