## CIRCUIT COURT OF LOUDOUN COUNTY

Software Surgery, Inc.

v.

Devon Park et al.

May 18, 1998

Case Nos. (Chancery) 18007, 18008, 18009

BY JUDGE JAMES H. CHAMBLIN

This matter is before the Court on the Defendants' Motion to Strike Bill of Particulars. By agreement of the parties, the Plaintiff filed one Bill of Particulars addressing its claims in all three of the above-referenced suits. The Defendants now want that Bill of Particulars stricken because, at 102 pages and 471 numbered paragraphs, it is unnecessarily long and repetitive and serves only to obfuscate the issues rather than clarify them. Upon consideration of the record and of argument of counsel, the Motion is denied for the reasons that follow.

The Defendants rely on Rule 1:4(j) of the Rules of the Supreme Court of Virginia as the basis for their Motion to Strike Bill of Particulars. Rule 1:4(j) provides:

> Brevity is enjoined as the outstanding characteristic of good pleading. In any pleading a simple statement, in numbered paragraphs, of the essential facts is sufficient.

The Defendants, focusing on the terms "brevity," "simple," and "essential" in Rule 1:4(j), suggest that "a mere glance at the Bill of Particulars shows that Plaintiff has fallen far short of complying with this rule" and further argue that the Plaintiff's Bill of Particulars "is such an egregious violation of Rule 1:4(j) that it would be unfair to require the defendants to respond to it."

I concur wholeheartedly with the Defendants' overall assessment of the instant Bill of Particulars. It is a flawed, overly long, excessively repetitious,

thoroughly cumbersome, and convoluted document, filled with numerous typographical and stylistic errors. It was clearly not proofread for errors, much less edited, before being filed. I can hardly imagine a less perfect instrument being drafted by a member of the bar.

Imperfect as it is, however, the subject Bill of Particulars does, in my opinion, sufficiently inform the Defendants of the true nature of the Plaintiff's claims in compliance with the pleading requirements of Rule 1:4 and 3:16 of the Rules of the Supreme Court of Virginia. Pursuant to Rule 3:16(a), a bill of particulars is a pleading. Rule 1:4(d) provides that "[e]very pleading shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim." With respect specifically to bills of particulars, Rule 3:16(b) provides that a "bill of particulars that fails to inform the opposite party fairly of the true nature of the claims or defense may, on motion made promptly, be stricken and an amended bill of particulars ordered." Hence, as the Bill of Particulars now before the Court *does* inform the Defendants of the true nature of the claims, it is sufficient under Rule 1:4(d) and is not subject to being stricken under Rule 3:16(b).

With regards to the Defendants' claim that the Bill of Particulars violates the terms of Rule 1:4(j), no authority was submitted, nor did I in the course of my own research find any, that provides that Rule 1:4(j) mandates brevity and simplicity in pleadings. Absent such authority, I construe Rule 1:4(j) to be a directive strongly encouraging, but not requiring, brevity in pleadings. There is no question that the subject Bill of Particulars is not "good" pleading under Rule 1:4(j). I do not, however, construe "good," as used in Rule 1:4(j), to mean "acceptable." Accordingly, I am of the opinion that Rule 1:4(j) does not require that a pleading that otherwise complies with the pleading requirements set forth in the Rules of the Supreme Court of Virginia be stricken for its lack of brevity, particularly when the pleading is a bill of particulars. A bill of particulars does not, according to the Supreme Court of Virginia, "constitute the issue to be tried and need not be as formal or precise as a declaration or plea." *Marshall v. Dean*, 201 Va. 699 (1960) (quoting *Burks Pl. and Pr.*, 4th ed., § 255, p. 453).

The Defendants further assert that the Court should strike Plaintiff's Bill of Particulars as a matter of equity. They contend that having to wade through and respond to such an unwieldy pleading places an unfair burden upon them. While wholly sympathetic to Defendants' position, I am not convinced that even a properly revised Bill of Particulars would reduce their burden significantly. This is, after all, regardless of how concisely one might attempt

to present it, a fairly complex case involving five or more defendants and consisting of eight causes of action, including defamation, breach of fiduciary duty, fraud, tortious interference with contractual relations, infringement of trademark, conversion, and embezzlement. Brevity and simplicity, while desirable, may not be possible in this particular instance.

The Defendants' Motion to Strike Bill of Particulars is therefore denied.