## CIRCUIT COURT OF FAIRFAX COUNTY

Churchwell

v.

Daventry Community
Association

March 27, 2000

Case No. (Chancery) 162344

By Judge Michael P. McWeeny

This matter comes before the Court on Defendant's Motion to Quash Complainant's Requests for Admission. The issue presented is whether the Requests for Admission at issue are within the scope of Rule 4:11. After considering the arguments and reviewing the applicable law, the Court rules that the Requests are not of the type contemplated by Rule 4:11, and Defendant's Motion to Quash is granted.

Rule 4:1(b)(1) provides that, "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." In this case, Complainant seeks to use Requests for Admission to gather information primarily regarding document production during the course of the litigation.

Requests for Admission are to be utilized for matters that "relate to statements or opinions of fact or of the application of law to fact . . . ." Virginia Supreme Court Rule 4:11(a). Requests for Admission are used to eliminate facts which will not be disputed at trial or about which there is no real controversy. *Fire Assurance Corp. v. Cohen*, 203 Va. 810, 813 (1962). The Rule is not to be used to cover the entire case and the controversies that arise therein, but to force admissions of facts relating to the case about which there is no real dispute. *Id.*

Here, the Requests are being used to gather information on document production that took place during the case. They do not relate to the facts which gave rise to the controversy at issue. As such, the Requests for Admission are inappropriate and outside of the scope of Rule 4:11.

For the above-stated reasons, the Court grants Defendant's Motion to Quash.