# CIRCUIT COURT OF THE CITY OF NORFOLK

Bonita Walker

v.

Bon Secours Health System, Inc.,
t/a Bon Secours-DePaul
Medical Center, Inc., et al.

November 19, 2001

Case No. (Law) CL00-134

BY JUDGE MARC JACOBSON

Defendant Bon Secours Health System, Inc., t/a Bon Secours-DePaul Medical Center, Inc. (DePaul) has moved this Court to compel Defendant Edwin Robey, M.D., "to provide full and complete responses to Requests for Admission Nos. 6-18, 20, 21, 24-27, 29, 30, 32-42. Counsel have conceded or stipulated that basically the answers to Requests for Admissions sought by DePaul arise out of or result from a deposition of Dr. Robey on or about June 11, 2001.

Dr. Robey has objected to each of the subject Requests for Admissions "on the grounds that this request is vague, ambiguous, and does not lend itself to a clear and unequivocal response. In addition, this request is outside the scope of the proper use of a request for admissions in that the request is argumentative in nature and is not being propounded for the purpose of dispensing with the necessity of proving a genuinely undisputed specific fact."

Rule 4:11 of the Rules of the Supreme Court of Virginia provides that a matter is deemed admitted unless, "within 21 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter." If an objection is made to a request for admission, the reasons for the objection must be stated. *Id.* The party requesting admissions may move the

court to determine the sufficiency of the answers and/or objections, and the court shall order that an answer be served "[u]nless the court determines that an objection is justified." *Id.* Likewise, a court may order a matter admitted if it determines that an answer does not comply with the previously stated requirements. *Id.*

In essence, the issue before this Court is whether prior deposition testimony of a party, transferred to requests for admission, may serve as a basis to compel responses to requests for admission.

The purpose of requests for admission is to "*eliminate those facts which will not be disputed at the trial or about which there is no real controversy,* to relieve the parties of the burden of proving them, and to facilitate a proper decision on the merits." *DeRyder v. Metropolitan Life Ins. Co.,* 206 Va. 602, 611, 145 S.E.2d 177, 183 (1965), *citing General Accident Fire & Life Assurance Corp. v. Cohen,* 203 Va. 810, 813, 127 S.E.2d 399, 401 (1962) (emphasis added). The Virginia Supreme Court has long held that "[t]he procedure dealing with requests for admissions is not to be used to cover the entire case and every item of evidence, but *to force admissions of facts about which there is no real dispute.*" *Id.* at 610, 145 S.E.2d at 183 (emphasis added). As such, if there is any dispute regarding a fact requested to be admitted, the Court cannot require its admission.

Counsel for DePaul is seeking, in effect, Summary Judgment based upon the deposition of Dr. Robey by abstracting various testimony or evidence from his deposition. If a party wishes to impeach or bring forth an inconsistency in the testimony contained within a deposition, the deponent is normally given an opportunity to explain or qualify the testimony, if appropriate. The trier of fact, be it a judge or a jury, then determines the credibility of the witness and/or the weight of probative value of the particular testimony. Rule 4:7(e) of the Rules of the Supreme Court of Virginia states:

(e) *Limitation on Use of Deposition.* — No motion for summary judgment in any action at law or to strike the evidence shall be sustained when based in whole or in part upon any depositions under Rule 4:5, unless such depositions are received in evidence under Rule 4:7(a)(4) or all parties to the suit or action shall agree that such deposition may be so used.

This Court declines to allow or permit the contravention of the aforesaid quoted Rule 4:7(e) by the vehicle of in effect treating the deposition of Dr. Robey in certain instances as alleged admissions. "[D]iscovery ordinarily

should not supplant the taking of evidence at a trial." *Carson by Meredith v. LeBlanc*, 245 Va. 135, 137, 427 S.E.2d 189, 191 (1993).

The Motion to Compel of DePaul is denied.