FILED
United States Court of Appeals
Tenth Circuit

September 5, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MATTHEW ALAN SMITH,

      Plaintiff-Appellant,

v.

UNITED PARCEL SERVICE,

      Defendant-Appellee.

Nos. 13-1483 & 14-1129
(D.C. Nos. 1:12-CV-01578-LTB-CBS &
1:13-CV-01815-LTB-CBS)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **PORFILIO** and **O'BRIEN**, Circuit Judges.

Matthew Alan Smith, proceeding pro se, appeals the district court's (1) grant

of summary judgment in favor of United Parcel Service (UPS), his former employer,

on his employment discrimination claims in appeal No. 13-1483 and (2) the dismissal

of his second employment discrimination action against UPS in appeal No. 14-1129.

We dismiss both appeals under the doctrine of judicial estoppel.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). These cases are
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**BACKGROUND**

In June of 2012, Mr. Smith commenced the first of two suits against UPS, asserting claims of race and gender discrimination in promotion and retaliation under Title VII of the Civil Rights Act of 1964. At the time he filed the suit, he was on a leave of absence from UPS. His employment terminated in November of that year. In July of 2013, Mr. Smith commenced a second suit against UPS, asserting claims under Title VII for race and gender discrimination and retaliation for failing to promote him and for terminating him and for violation of the Americans with Disabilities Act.

Later that month, Mr. Smith, proceeding pro se, filed for Chapter 7 bankruptcy relief, but did not disclose either suit in his bankruptcy filings.[1] UPS brought this omission to the magistrate judge's attention in the first suit. At a hearing, the magistrate judge directed Mr. Smith to notify the bankruptcy court that he had two suits pending in federal district court. But Mr. Smith did not do so.

The magistrate judge recommended, in the first suit, that UPS's motion for summary judgment be granted, that Mr. Smith's motion for summary judgment be denied, and that UPS be awarded its costs, including any unpaid balance on the $2,893.50 in expenses previously awarded to UPS. The district court accepted the recommendation, declining to review the recommendation de novo because

---

[1] This was Mr. Smith's fourth pro se bankruptcy filing. Mr. Smith filed his second and third bankruptcy cases after he filed his first discrimination lawsuit. He did not disclose the suit in either of those two bankruptcy proceedings.

Mr. Smith had failed to file specific written objections to the recommendation.

Mr. Smith appeals the court's order in appeal No 13-1483.[2]

Meanwhile, the bankruptcy court entered an order granting Mr. Smith a discharge under Chapter 7. His bankruptcy case was closed.[3]

In the second suit, UPS moved to dismiss, asserting, among other things, that Mr. Smith's claims were time-barred, they duplicated the claims in his first suit, and he failed to state a claim for relief. UPS later filed a second motion to dismiss, asserting that Mr. Smith lacked standing to pursue his claims and therefore the district court lacked subject-matter jurisdiction. UPS contended that Mr. Smith lacked standing because he had filed a Chapter 7 bankruptcy petition without including the two federal court suits in his list of assets and only the bankruptcy trustee had standing to pursue claims owned by the bankruptcy estate. In addition, UPS argued that the complaint should be dismissed based on judicial estoppel, because Mr. Smith should not be allowed to pursue claims in district court after failing to disclose those same claims in the bankruptcy court.

---

[2]     We ordered Mr. Smith to show cause why his right to appellate review was not waived by his failure to file timely, specific objections to the magistrate judge's recommendation. Upon further consideration, we will not apply the firm waiver rule, because the magistrate judge wrongly informed Mr. Smith that he had ten days to file objections to the recommendation, rather than the fourteen days allowed by Federal Rule of Civil Procedure 72(b)(2).

[3]     We may take judicial notice of public records. *See State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1226 n.7 (10th Cir. 2008).

The magistrate judge recommended granting the first motion to dismiss without prejudice, concluding certain claims were unexhausted and other claims failed to state a claim for relief. Also, the magistrate judge recommended denying the second motion to dismiss without prejudice, specifically declining to address standing. After both parties objected to the magistrate judge's recommendation, the district court approved the recommendation, but agreed with UPS that dismissal must be with prejudice. Mr. Smith appeals this order in appeal No. 14-1129.

## ANALYSIS

Because Mr. Smith proceeds pro se, we review his arguments liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we will not serve as his advocate. *See id.*

## Appeal No. 13-1483

### I. Motion to Dismiss

We first consider UPS's January 2, 2014, motion to dismiss this appeal for lack of subject-matter jurisdiction due to Mr. Smith's lack of standing or, alternatively, under the doctrine of judicial estoppel. Under Tenth Circuit Rule 27.2(A)(3), a motion to dismiss must be filed within fourteen days after the notice of appeal was filed, which was on November 18, 2013. The motion to dismiss is untimely and must be denied.

## II. Subject-Matter Jurisdiction

In its appellate brief, UPS argues that we lack subject-matter jurisdiction over this appeal because the bankruptcy trustee, not Mr. Smith, has standing to pursue the employment discrimination claims. UPS confuses standing, which may impact subject-matter jurisdiction, with real-party-in-interest principles, which do not impact subject-matter jurisdiction. *See Esposito v. United States*, 368 F.3d 1271, 1274 n.1 (10th Cir. 2004); *FDIC v. Bachman*, 894 F.2d 1233, 1235-36 (10th Cir. 1990); *K-B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1154 n.7 (10th Cir. 1985). Mr. Smith's employment discrimination claims satisfy the minimum constitutional requirements for standing—a concrete injury, causation, and redress. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The question is who is the real party in interest to prosecute the claims.

Federal Rule of Civil Procedure 17(a)(1) requires that a suit "be prosecuted in the name of the real party in interest." This rule does not "address . . . federal-court subject-matter jurisdiction." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005). Upon the filing of the bankruptcy petition and the appointment of a bankruptcy trustee, the trustee became the real party in interest, and he was the only one who could prosecute claims belonging to the bankruptcy estate. *See Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008) (per curiam); *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004). Mr. Smith's legal rights and interest in any pending litigation were extinguished, and his rights transferred to the

trustee, who acts on behalf of the bankruptcy estate.  *See Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 795 (D.C. Cir. 2010).

Real-party-in-interest status does not change simply because a debtor had obtained a bankruptcy discharge and his bankruptcy case has closed.  "At the close of the bankruptcy case, property of the estate that is not abandoned under [11 U.S.C.] § 554 and that is not administered in the bankruptcy proceedings remains the property of the estate."  *Parker*, 365 F.3d at 1272 (citing 11 U.S.C. § 554(d)).  "Failure to list an interest in a bankruptcy schedule leaves that interest in the bankruptcy estate."  *Id*.  There is no indication that the trustee properly abandoned the employment discrimination actions.[4]  Proper abandonment requires the trustee to give notice to Mr. Smith's creditors and, if any object to abandonment, the bankruptcy court to hold a hearing.  *See Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 905 (6th Cir. 2012) (citing 11 U.S.C. § 554(a); Bankr. R. 6007(a)).  There is no indication that notice, much less a hearing, occurred.  Because the claims were not abandoned, they still belong to Mr. Smith's estate.  *See id*.  And the trustee is still the real party in interest.

---

[4]     UPS alleges that before the bankruptcy discharge it had provided notice to the bankruptcy trustee of the pending cases and attempted to engage in settlement negotiations with the trustee.  According to UPS, the trustee unsuccessfully tried to reach Mr. Smith.  Also, UPS alleges that it notified the bankruptcy court of the district court's decision in the first suit and its intent to seek dismissal of the appeal of that suit, but the trustee did not respond and the bankruptcy court discharged Mr. Smith's debts and closed the case.  UPS, however, provides no support for these assertions.  Nothing in the bankruptcy proceedings indicates that the trustee abandoned any employment discrimination claims.

UPS, however, does not move to dismiss this appeal based on the fact that Mr. Smith is not the real party in interest. UPS waived a real-party-in-interest defense by failing to assert it in the district court. *See Bachman*, 894 F.2d at 1236. Accordingly, we conclude that we have subject-matter jurisdiction over this appeal.

### III.  *Judicial Estoppel*

In the alternative, UPS argues that we should dismiss this appeal based on judicial estoppel, because Mr. Smith failed to disclose his employment discrimination claims in his bankruptcy petition and schedules. UPS did not assert judicial estoppel as an affirmative defense in the district court. *See Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1227 (10th Cir. 2011) (stating that judicial estoppel is an affirmative defense). But because it is an equitable doctrine that we may invoke at our discretion, "we are not bound to accept a party's waiver of a judicial estoppel argument and may consider the issue at our discretion." *Kaiser v. Bowlen*, 455 F.3d 1197, 1204 (10th Cir. 2006). Under the circumstances of this case, we exercise our discretion to consider judicial estoppel, and we dismiss this appeal for that reason.

The purpose of judicial estoppel "is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (internal quotation marks and citation omitted). When addressing judicial estoppel, courts typically consider three non-exclusive factors:  (1) whether a party's later position is inconsistent with an earlier position; (2) "whether the party has succeeded in persuading a court to accept

- 7 -

that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id*. at 750-51 (internal quotation marks omitted); *see Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1156 (10th Cir. 2007).

Under the facts presented, these three factors are met. The magistrate judge directed Mr. Smith to correct misinformation before the bankruptcy court and inform the court of his pending suit. *See Jethroe v. Omnova Solutions, Inc*., 412 F.3d 598, 600 (5th Cir. 2005) ("The obligation to disclose pending and unliquidated claims in bankruptcy proceedings is an ongoing one."). But he failed to do so. Instead, he continued to take a position in the district court that was inconsistent with his representation to the bankruptcy court that he did not have any suits pending. *See Eastman*, 493 F.3d at 1159 (concluding litigant took "clearly inconsistent" positions in bankruptcy and district courts when he failed to disclose pending personal injury action to bankruptcy court (internal quotation marks omitted)). Thus, this was not a situation of mistake or inadvertence. *See id.* at 1157-59 (declining to find failure to disclose was based on mistake or inadvertence). Nor is it a case of mere non-disclosure. Mr. Smith knew of his pending district court suits, yet he has never made an effort to explain why he failed to disclose them to the bankruptcy court. Mr. Smith's actions misled the bankruptcy court to accept his position that he had no

pending suits, thereby introducing the risk of inconsistent court decisions that pose a threat to judicial integrity. *See Queen v. TA Operating, LLC*, 734 F.3d 1081, 1091 (10th Cir. 2013). Also, Mr. Smith achieved an unfair advantage over his creditors by receiving a discharge of his debts without ever disclosing his discrimination suits. *See Eastman*, 493 F.3d at 1159-60. Thus, we conclude that this appeal should be dismissed based on judicial estoppel. *Cf. Moses*, 606 F.3d at 798 ("[E]very circuit that has addressed the issue has found that judicial estoppel is justified to bar a debtor from pursuing a cause of action in district court where that debtor deliberately fails to disclose the pending suit in a bankruptcy case." (citing *Eastman*, 493 F.3d at 1157-60, and other cases)).

### Appeal No. 14-1129

UPS moves to dismiss this appeal for lack of subject-matter jurisdiction and based on judicial estoppel. For the reasons discussed above, we conclude that we have subject-matter jurisdiction over this appeal, but the appeal should be dismissed based on judicial estoppel. Accordingly, we grant the motion to dismiss based on judicial estoppel.

### CONCLUSION

We dismiss both appeals based on judicial estoppel. We deny Mr. Smith's requests in both appeals for leave to proceed on appeal without prepayment of costs or fees. In appeal No. 13-1483, we deny Mr. Smith's request for a change of venue to Illinois and UPS's motion to dismiss. In appeal No. 14-1129, we grant UPS's

motion to dismiss, and we deny as moot its requests for a stay and to strike

Mr. Smith's response to the motion to dismiss.

Entered for the Court


John C. Porfilio
Circuit Judge
