PRESENT:  Lemons, C.J., Goodwyn, Mims, McClanahan, Powell, and Kelsey, JJ., and Millette, S.J.

IRACY M. WOOTEN

v.     Record No. 141627

BANK OF AMERICA, N.A., SUCCESSOR
BY MERGER TO BAC HOME LOAN
SERVICING, LP, ET AL.

OPINION BY
JUSTICE D. ARTHUR KELSEY
September 17, 2015

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Frederick G. Rockwell, III, Judge

The trial court in this case entered summary judgment against Iracy Wooten, based on the doctrine of judicial estoppel.  Finding it inapplicable as a matter of law to this case, we reverse and remand.

I.

In November 2002, Gary C. Wooten purchased property and received sole title.  He married Iracy M. Wooten in 2005.  On November 15, 2007, Gary Wooten borrowed money and executed a deed of trust to secure the loan.  Iracy Wooten did not sign the loan documents or the deed of trust.

Approximately one week after executing the deed of trust, Gary Wooten conveyed the property to himself and his wife as tenants by the entirety and promptly recorded the deed of conveyance on November 26, 2007.  On December 6, 2007, the mortgagee, which later merged with Bank of America, N.A., and Deborah Tomlin, the trustee (collectively, the "lender") recorded the deed of trust executed solely by Gary Wooten.

Five years later, the lender filed suit against Gary and Iracy Wooten seeking a judicial reformation of the deed of trust to include Iracy Wooten as a grantor or, alternatively, to simply declare her interest in the property to be "encumbered" by the deed of trust "as of the date of its

execution." Complaint ¶ 24. The lender advanced several theories, including equitable reformation, quiet title, equitable subrogation, equitable lien, constructive trust, and unjust enrichment.

In response, Iracy Wooten said she knew nothing of her husband's loan or the deed of trust and first learned of them during their divorce proceeding in 2012. She claimed her husband deposited the cash proceeds from the loan in his own separate account and that "she received none of said funds and does not believe that she benefitted from said funds in any way." Answer ¶ 51.

While the lender's action was pending, the divorce proceeding came to closure in July 2012. The final divorce decree divided the marital property between them. With respect to the property at issue here, the circuit court's divorce decree observed that the property was "currently the subject of foreclosure proceedings." The divorce court ordered that, after the sale of the property and satisfaction of the debt, any remaining proceeds "shall be divided equally between the parties." In the event there were any "deficiencies" after the sale, the decree added, those too would be borne equally by both parties.

The divorce court also ordered the parties to "cooperate" with each other to sell the property or to turn the property "over to the bank in lieu of foreclosure." Both parties were also ordered to "endorse all paperwork necessary to transfer the property immediately upon presentment." Iracy Wooten's counsel signed the decree as "Seen" and did not file any appeals on her behalf.

Thereafter, in the lender's proceeding, the lender filed a "Plea of Estoppel and Motion for Summary Judgment." The lender argued that Iracy Wooten was judicially estopped from denying that her interest was subject to Gary Wooten's deed of trust. The divorce decree by

2

itself, the lender contended, justified this conclusion without any need to review any further pleadings or matters within the divorce proceeding.

The circuit court agreed with the lender and granted summary judgment in its favor. The court's final order "declared" the lender's deed of trust "to be a valid first deed of trust lien against the entire fee simple interest" of both Gary and Iracy Wooten.

## II.

On appeal, Iracy Wooten argues that the circuit court erred in applying the doctrine of judicial estoppel based solely upon the divorce decree. We agree.

The expression "judicial estoppel" is relatively new in the lexicon of law. But the concept has ancient roots and "derives from the prohibition in Scottish law against approbation and reprobation." Lofton Ridge, LLC v. Norfolk S. Ry., 268 Va. 377, 381, 601 S.E.2d 648, 650 (2004); see also Burch v. Grace St. Bldg. Corp., 168 Va. 329, 340, 191 S.E. 672, 677 (1937) (collecting cases).[1] The doctrine protects a basic tenet of fair play: No one should be permitted, in the language of the vernacular, to talk through both sides of his mouth.[2] Doing so in the

---

[1] See generally 1 George Joseph Bell, Commentaries on the Law of Scotland 141 (7th ed. 1870). The doctrine of judicial estoppel, however, has limitations unknown to the historic, but still fully viable, doctrine against approbation and reprobation. The former applies only to "assertions of fact, not law," Virginia Elec. & Power Co. v. Norfolk S. Ry., 278 Va. 444, 462, 683 S.E.2d 517, 527 (2009) (citation omitted), while the latter can, and often does, involve legal positions taken by a party, Berry v. Klinger, 225 Va. 201, 207, 300 S.E.2d 792, 795 (1983) (A party, "having contended in their pleadings and in their initial arguments at trial that the language in question was unambiguous, will not be allowed to take a contrary position thereafter.").

Similarly, judicial estoppel is implicated only if the "prior inconsistent position" was to some degree "relied upon by the court or prior court in rendering its decision," though such reliance need not result in a favorable judgment. Virginia Elec. & Power Co., 278 Va. at 462-63, 683 S.E.2d at 527-28. On the other hand, the approbate-reprobate prohibition can apply even if a court does not rely upon the earlier representation. See Berry, 225 Va. at 207, 300 S.E.2d at 795; McLaughlin v. Gholson, 210 Va. 498, 501, 171 S.E.2d 816, 818 (1970).

[2] This common idiom probably captures the historic meaning of the idea as well as any of the more technical expressions. As Sir Edward Coke informs us, the estoppel concept "[c]omes

judicial context is thought to be "playing fast and loose" with the courts, <u>Wilroy v. Halbleib</u>, 214 Va. 442, 445, 201 S.E.2d 598, 601 (1974) (citation omitted), or "blowing hot and cold" depending on perceived self-interest, <u>United Va. Bank v. B.F. Saul Real Estate Inv. Tr.</u>, 641 F.2d 185, 190 (4th Cir. 1981). To protect against such double-speak, Virginia law does not require "a showing of prejudice" as a "prerequisite to the application of judicial estoppel." <u>Virginia Elec. & Power Co. v. Norfolk S. Ry.</u>, 278 Va. 444, 466, 683 S.E.2d 517, 529 (2009).[3] Nor does judicial estoppel "require a prior final judgment to be invoked." <u>Lofton Ridge, LLC</u>, 268 Va. at 381, 601 S.E.2d at 650.

Even so, as important as this principle is to the judicial process, it has several limitations. One of the more obvious is the required showing that the litigant being estopped actually made a previous affirmative, inconsistent representation to a court. <u>See</u> <u>Cangiano v. LSH Bldg. Co.</u>, 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006); <u>Cohn v. Knowledge Connections, Inc.</u>, 266 Va. 362, 367, 585 S.E.2d 578, 581 (2003).[4] The doctrine has no application in the reverse context — that is, when a court makes a representation to a litigant — unless, of course, the litigant responds by

of the French word estoupe, from whence the English word 'stopped'" evolved and, when applicable to a party estopped, the doctrine "stops or closes his mouth to allege or plead the contrary." Coke upon Littleton § 352a, at 596 (Thomas Coventry ed., 1830).

[3] <u>Cf.</u> Melville M. Bigelow, A Treatise on the Law of Estoppel 732-33 (6th ed. 1913) (noting that, when applicable, the approbate-reprobate rule also forbids a litigant from changing his earlier position even "though it has not been acted upon by another by any change of position").

[4] In addition, judicial estoppel applies only between the same parties or their privies when the inconsistent positions involve different proceedings. <u>See</u> <u>Virginia Elec. & Power Co.</u>, 278 Va. at 462, 683 S.E.2d at 527 (identifying this principle as a "prerequisite"); <u>Lofton Ridge, LLC</u>, 268 Va. at 382-83, 601 S.E.2d at 651 (recognizing privity may "exist where the liability of one defendant is derivative of the liability of another; for example, 'where the relation between defendants in the two suits has been that of principal and agent, master and servant, or indemnitor and indemnitee'" (citation omitted)). In this case, the lender was not a party to the Wooten divorce action. The lender claims it was in privity with its debtor, Gary Wooten. <u>But see generally</u> Restatement (Second) of Judgments § 54 & cmt. a (1982). We need not decide the privity issue, however, because Iracy Wooten did not raise the issue in the circuit court and, thus, cannot raise it for the first time on appeal. <u>See</u> Rule 5:25.

4

affirmatively adopting it as his own.

In this case, the circuit court held that the Wooten divorce decree judicially estopped Iracy Wooten from denying that her husband's deed of trust encumbered her share of the property. We fail to see how this could be so from the divorce decree alone. Nothing in the decree constitutes an affirmative statement by Iracy Wooten to the divorce court. The affirmation of the decree went the opposite way — from the divorce court to the litigants.

It is true, as the lender argues, that Iracy Wooten did not object to the decree or appeal it. But silence alone, absent a duty to speak, is generally not treated as an affirmative representation of anything. See Maxey v. Doe, 217 Va. 22, 26, 225 S.E.2d 359, 362 (1976). That maxim is recognized across many disciplines of the law,[5] and it is particularly true of the doctrine of judicial estoppel.

We acknowledge a certain intuitive appeal of the lender's argument. It made little sense, the lender contends, for Iracy Wooten to raise no objection to the decree's arguable implication that she must subordinate her interest in the property to her husband's deed of trust when, according to her present position, she was under no legal obligation to do so.

We nonetheless find this view, however plausible in the abstract, to be unpersuasive in the adjudicative context of a divorce proceeding. The Wootens' divorce decree ordered equitable distribution of the marital assets and the marital debts to both spouses. The court

---

[5] See, e.g., Sabet v. Eastern Va. Med. Auth., 775 F.2d 1266, 1270 (4th Cir. 1985) ("[U]nder Virginia law, silence cannot give rise to liability for fraud in the absence of a duty of disclosure."); Kent Sinclair & Leigh B. Middleditch, Jr., Virginia Civil Procedure § 3.9[B], at 340 (6th ed. 2014) ("Mere silence when an agreement form has been submitted is insufficient to show its intention to be bound by the terms of a contract."). There are exceptions to this general rule. For example, a duty to speak arises when it is necessary to preserve an objection in the trial court, see Rules 5:25, 5A:18, or, in some situations, to avoid the conclusion that a party has made an adoptive admission, see Rule 2:803(0)(B).

5

merely adjudicated the inter se liabilities of a couple going through a divorce. No language of the decree placed Iracy Wooten in a direct debtor-creditor relationship with her husband's lender. Nor did the decree seek to adjudicate the efficacy of the lender's deed of trust, which was recorded subsequent to the recordation of the deed creating a tenancy by the entirety.

In the end, it makes no difference why Iracy Wooten did not object to, or appeal from, the divorce decree. At the heart of judicial estoppel is the view that no litigant should be "permitted to deny that which they have deliberately and solemnly asserted and received as true." 1 Simon Greenleaf, A Treatise on the Law of Evidence 27-28 (12th ed. 1866). That concern is not implicated here.

Iracy Wooten did not affirmatively assert anything in the divorce decree. The only assertion was that of the divorce court in its judicial ruling. She is bound, of course, by the divorce decree. But her decision to sign the decree "Seen" and to forego an appellate contest over it did not bestow upon the lender a de facto implied right of action against her based upon any recognized theory of judicial estoppel.[6]

### III.

Disagreeing with the circuit court's application of judicial estoppel, we reverse the summary judgment declaring the trust "to be a valid first deed of trust lien against the entire fee simple interest" of both Gary and Iracy Wooten. Because our ruling does not end the case, we remand it to the circuit court for further proceedings.

---

[6] Cf. Cashion v. Smith, 286 Va. 327, 334-35, 749 S.E.2d 526, 530 (2013) (noting that an endorsement of "Seen" does not constitute affirmative waiver of objections to the order or a forfeiture of an appeal). We do not address in this case whether the analysis would be different if the order had been endorsed "We ask for this" or "Seen and Agreed" or some statement of similar import. Instead, we apply the general principles of law to the unique facts of this case. Because appeals often turn on a delicate combination of both, "we strive to decide cases on the 'best and narrowest grounds available.'" Alexandria Redevelopment & Hous. Auth. v. Walker, 290 Va. 150, 156, 772 S.E.2d 297, 300 (2015) (citation omitted).

Reversed and remanded.