PRESENT: All the Justices

RUSSELL EMORY EILBER

v. Record No. 161311

OPINION BY
JUSTICE WILLIAM C. MIMS
December 7, 2017

FLOOR CARE SPECIALISTS, INC., ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
David B. Carson, Judge

In this appeal, we consider whether judicial estoppel is an affirmative defense that is waived if not pled.

In December 2012, Russell E. Eilber filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Western District of Virginia. Included with his petition was a proposed Chapter 13 payment plan, which required that he make 36 monthly payments to the bankruptcy trustee for the benefit of his creditors. The bankruptcy court confirmed the proposed Chapter 13 plan after determining that it satisfied the requirements of 11 U.S.C. § 1325(a).

Approximately one year later, Eilber began working as the "facilities manager" for New Horizons Healthcare, Inc. ("New Horizons"). In this role, he was responsible for supervising the work of Amanda Guthrie and Brittney Sigmon, who cleaned the New Horizons facility daily. Guthrie and Sigmon were employed by Floor Care Specialists, Inc. ("FCS"), an independent contractor that provided janitorial services for New Horizons.

In September 2014, New Horizons terminated Eilber's employment. Eilber responded by filing a defamation action in the circuit court against FCS, Guthrie, Sigmon, and a FCS manager ("appellees"). His complaint asserted that he was fired as the result of defamatory statements made by Sigmon and Guthrie. He further claimed that these statements were defamatory per se because they prejudiced him in his trade or profession. Appellees demurred, arguing that the

complaint failed to state a claim for defamation per se. After briefing and argument by counsel, the circuit court denied the demurrers.

In April 2016, Eilber completed the payments required by the Chapter 13 plan. The bankruptcy court then ordered the discharge of his remaining unsecured debts. Appellees subsequently moved for summary judgment in the circuit court on the ground that Eilber lacked standing to prosecute his defamation action because he failed to disclose the claim to the bankruptcy court. After Eilber filed a brief in opposition to the motion for summary judgment, appellees filed a reply brief in which they argued for the first time that Eilber was judicially estopped from prosecuting his defamation action. They contended that Eilber's failure to timely disclose his claim to the bankruptcy court meant that he took the position that no such claim existed.

After a hearing, the circuit court found that Eilber's defamation action arose after confirmation of the Chapter 13 plan, but prior to the bankruptcy discharge. It also found that he did not disclose his defamation action until after the discharge. Based on these findings, the court concluded that Eilber lacked standing and, alternatively, that the doctrine of judicial estoppel prohibited him from prosecuting his defamation claim after taking the position in the bankruptcy court that it did not exist. Accordingly, the court granted appellees' motion for summary judgment and dismissed Eilber's claim with prejudice.

On appeal, Eilber presents two assignments of error:

1. The trial court erred when [it] held that Eilber as a debtor in a Chapter 13 bankruptcy did not have standing to bring a cause of action that acc[ru]ed subsequent to [the] filing of his Chapter 13 bankruptcy petition, subsequent to the confirmation of [his] Chapter 13 payment plan, but prior to . . . receiving a Chapter 13 discharge.

2

2. The trial court erred when [it] ruled that the doctrine of judicial estoppel bars Eilber from pursuing the cause(s) of action in [his] complaint because the defensive pleadings do not allege judicial estoppel as an affirmative defense . . . .

Additionally, appellees present the following assignment of cross-error:

1. The circuit court erred in finding that [Eilber] stated a cause of action for defamation per se.

We note at the outset that Eilber's second assignment of error does not challenge the circuit court's substantive application of judicial estoppel. Rather, it presents only the narrow question of whether judicial estoppel is an affirmative defense that is waived if not pled. We review this question of law de novo. *See New Dimensions, Inc. v. Tarquini*, 286 Va. 28, 33, 743 S.E.2d 267, 269 (2013).

While "[t]he expression 'judicial estoppel' is relatively new in the lexicon of law[,] . . . the concept has ancient roots and 'derives from the prohibition in Scottish law against approbation and reprobation.'" *Wooten v. Bank of Am., N.A.*, 290 Va. 306, 309, 777 S.E.2d 848, 849 (2015) (quoting *Lofton Ridge, LLC v. Norfolk S. Ry.*, 268 Va. 377, 381, 601 S.E.2d 648, 650 (2004)). Under the doctrine, "a party is prohibited from assuming successive positions in an action or series of actions, regarding the same fact or state of facts, which are inconsistent with each other or are mutually contradictory." *Parson v. Carroll*, 272 Va. 560, 565, 636 S.E.2d 452, 454 (2006) (citing *Bentley Funding Group, L.L.C. v. SK&R Group, L.L.C.*, 269 Va. 315, 325, 608 S.E.2d 49, 53-54 (2005)). Judicial estoppel thus prevents litigants from "'playing fast and loose' with the courts . . . or 'blowing hot and cold' depending on perceived self-interest." *Wooten*, 290 Va. at 310, 777 S.E.2d at 850 (citation omitted) (quoting *United Va. Bank v. B.F. Saul Real Estate Inv. Tr.*, 641 F.2d 185, 190 (4th Cir. 1981)).[1]

---

[1] As the present case illustrates, the judicial estoppel doctrine is frequently at issue in litigation that arises subsequent to representations made, or positions taken, in the context of

3

Appellees, however, failed to invoke the doctrine of judicial estoppel until their reply brief on the motion for summary judgment. In *Monahan v. Obici Medical Management Services, Inc.*, 271 Va. 621, 632, 628 S.E.2d 330, 336 (2006), we observed that "[i]t has long been required that a party raise specific defenses (just as a plaintiff must give notice of claims) so that surprise and prejudice at trial from late revelation of unanticipated legal theories is avoided." "This has generally led to a requirement that affirmative defenses must be pled in order to be relied upon at trial."[2] *Id.* (citing *Brooks v. Bankson*, 248 Va. 197, 206, 445 S.E.2d 473, 478 (1994)).

> The requirement that most such defenses be specifically pled arises from their collateral nature. Where a defendant seeks to rely upon an affirmative defense not apparent from the allegations pled and unrelated to the elements of a plaintiff's cause of action, that affirmative defense must be pled to avoid unfair surprise or prejudice to the plaintiff.

*New Dimensions*, 286 Va. at 36, 743 S.E.2d at 271. "[F]amiliar illustrations" of such defenses include those based on a "statute of limitations, absence of proper parties, res judicata, usury, a release, prior award, infancy, bankruptcy, denial of partnership, bona fide purchaser, and denial of an essential jurisdictional fact alleged in the [complaint]." *Monahan*, 271 Va. at 634, 628

---

bankruptcy proceedings. Benjamin J. Vernia, Annotation, *Judicial Estoppel of Subsequent Action Based on Statements, Positions, or Omissions as to Claim or Interest in Bankruptcy Proceeding*, 85 A.L.R.5th 353, §2[a] (2001 & 2017 rev.). As bankruptcy debtors have an affirmative duty to disclose to the bankruptcy court any causes of action in which they have an interest, the failure to do so "impliedly represent[s] that . . . no such claim" exists. *Flugence v. Axis Surplus Ins. Co.*, 738 F.3d 126, 130 (5th Cir. 2013). Thus, judicial estoppel is often invoked to prevent a debtor from subsequently prosecuting such an undisclosed claim. *Kimberlin v. Dollar Gen. Corp.*, 520 Fed. App'x 312, 314 (6th Cir. 2013) ("Applying judicial estoppel under these circumstances recognizes the importance of the bankruptcy debtor's affirmative and ongoing duty to disclose assets, including unliquidated litigation interests.").

[2] Exceptions to this general rule have been recognized where (1) the issue addressed by the affirmative defense was not disclosed in the plaintiff's pleading, (2) the affirmative defense is not an absolute bar to recovery, and (3) the affirmative defense is addressed by statute. *New Dimensions*, 286 Va. at 36, 743 S.E.2d at 271 (citing *Monahan*, 271 Va. at 632-34, 628 S.E.2d at 336-37).

4

S.E.2d at 337 (citing *Nelms v. Nelms*, 236 Va. 281, 289, 374 S.E.2d 4, 6 (1988)). Notably, judicial estoppel is not listed among these familiar illustrations.[3]

Eilber contends that because judicial estoppel is collateral in nature and would completely bar an otherwise valid right of recovery, it is an affirmative defense that must be pled to avoid surprise and prejudice. However, this argument fails to consider the unique characteristics and purpose of judicial estoppel that distinguish it from many of the affirmative defenses listed above. For although judicial estoppel has the effect of protecting litigants from "unfair strategy, the point of the doctrine is not the connection between the parties, but the connection between one party and the court." *Swahn Grp., Inc. v. Segal*, 183 Cal. Rptr. 3d 651, 664 (Cal. Ct. App. 2010). Judicial estoppel is intended first and foremost to "protect the integrity of the judicial process and to guard it from improper use." *Parson*, 272 Va. at 564, 636 S.E.2d at 454 (citing *New Hampshire v. Maine*, 532 U.S. 742, 749-51 (2001)).

Consequently, "it is generally recognized that a court, even an appellate court, may raise [judicial] estoppel on its own motion in an appropriate case." *West Va. Dep't of Trans. v. Robertson*, 618 S.E.2d 506, 512-13 (W.Va. 2005).[4] In fact, one court has even said that it not

---

[3] In their treatise, Kent Sinclair and Leigh Middleditch, Jr. list 24 defenses that have been recognized in Virginia as affirmative defenses that are waived if not pled, not including judicial estoppel. Kent Sinclair and Leigh B. Middleditch, Jr., Virginia Civil Procedure § 9.2[E], at 726-28 (6th ed. 2014).

[4] The United States Courts of Appeals for the Fourth, Fifth, Seventh, Ninth, and Tenth Circuits, and the United States District Court for the Eastern District of Virginia, have similarly concluded that judicial estoppel may be raised and applied by a court sua sponte. *Cathcart v. Flagstar Corp.*, No. 97-1977, 1998 U.S. App. LEXIS 14496, at *23 n.2 (4th Cir. June 29, 1998) (unpublished; for table disposition, see 155 F.3d 558) ("Because the interests served by the [judicial estoppel] doctrine concern the judicial process more than fairness to the opposing party, it is appropriate for a court to raise the issue sua sponte, where the opposing party fails to raise it, and a party's failure to raise the issue does not foreclose our review."); *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 530 (5th Cir. 2000) ("[B]ecause [judicial estoppel] protects the judicial system, . . . we can apply it sua sponte in certain instances."); *Bethesda Lutheran Homes & Servs. v. Born*, 238 F.3d 853, 858 (7th Cir. 2001) (the doctrine of judicial estoppel "is for our protection as well as that of litigants, and so we are not bound to accept a waiver of it");

only has the right, but also an "independent duty," to raise judicial estoppel sua sponte to protect "the integrity of the judicial system *independent of the interests of the parties*." *In re DeRosa-Grund*, 544 B.R. 339, 369-70 (S.D. Tex. Bankr. 2016) (emphasis added) (quoting *In re Airadigm Communications, Inc.*, 616 F.3d 642, 664 n. 14 (7th Cir. 2010)). The reasoning for this conclusion is plain: a court's ability to apply a doctrine intended primarily to protect the court itself should not be contingent upon the parties raising it in their pleadings.

We therefore reject Eilber's argument that the doctrine of judicial estoppel was waived by appellees. Because the circuit court had the authority to raise and apply the doctrine sua sponte, appellees did not waive it by failing to raise it in their pleadings. As we conclude that Eilber has identified no reversible error in the circuit court's application of judicial estoppel, we need not address the other issues raised in this appeal.

*Affirmed*.

---

*Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 601 (9th Cir. 1996) ("Because [judicial estoppel] is intended to protect the dignity of the judicial process, it is an equitable doctrine invoked by a court at its discretion."); *Smith v. UPS*, 578 Fed. Appx. 755, 759 (10th Cir. 2014) ("But because it is an equitable doctrine that we may invoke at our discretion, 'we are not bound to accept a party's waiver of a judicial estoppel argument and may consider the issue at our discretion.'" (quoting *Kaiser v. Bowlen*, 455 F.3d 1197, 1204 (10th Cir. 2006))); *Thomas v. FTS USA, LLC*, 2016 U.S. Dist. LEXIS 8269 (E.D. Va. 2016) (holding that it was appropriate to address judicial estoppel despite the doctrine not being raised in the parties' pleadings because "the interests served by the doctrine concern the judicial process more than fairness to the opposing party").