# COURT OF APPEALS OF VIRGINIA

### Record No. 1994-25-3

COMMONWEALTH OF VIRGINIA
v.
JOHN ANTONIO FENNELL

Present: Judges Chaney, Callins and Bernhard

Argued by videoconference

Opinion Issued April 21, 2026[*]

### FROM THE CIRCUIT COURT OF HENRY COUNTY
James R. McGarry, Judge

Sheri H. Kelley, Assistant Attorney General (Jay Jones, Attorney General, on briefs), for appellant.

Steven P. Milani for appellee.

### MEMORANDUM OPINION BY
### JUDGE DOMINIQUE A. CALLINS

The Commonwealth appeals the circuit court's order dismissing five felony indictments against John Antonio Fennell. The Commonwealth contends the circuit court erred in dismissing the charges because the period during which Fennell sought to secure counsel tolled his statutory speedy trial rights and trial therefore could commence within the time limitations prescribed under Code § 19.2-243. The Commonwealth further asserts that Fennell approbated and reprobated when he moved to dismiss the indictments on speedy trial grounds after requesting multiple continuances. We hold that the Commonwealth's first argument is unpreserved and her second is without merit. Accordingly, we affirm the judgment of the circuit court.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

On May 19, 2025, a grand jury indicted Fennell on multiple felony counts related to a murder-for-hire plot. He was arrested the same day the indictments issued and held without bail.[2]

Fennell first appeared before the circuit court for a "counsel hearing" on May 27, eight days after his arrest. When asked if he wanted the court to appoint him counsel, Fennell replied, "I'm going to hire a lawyer." The circuit court gave him three weeks to hire an attorney and set the next hearing for June 17. At that counsel hearing, Fennell again appeared without counsel. When Fennell informed the court, however, that he had retained an attorney familiar to the court, it continued the hearing another eight days to June 25, a date on which the court was aware the named attorney was scheduled to appear on another matter.

Although he was not present at Fennell's June 25 counsel hearing, the named attorney confirmed with the circuit court that he was speaking "with [Fennell's] people and that he expected to be retained on Friday." Based on Fennell's representation that he intended to hire the attorney, the court continued the hearing.[3] When Fennell appeared again for his counsel hearing on July 7, the attorney Fennell intended to hire was also present. But, once again, Fennell had not retained him. The court continued the counsel hearing to July 29 to give Fennell more time to retain the attorney. At that hearing, Fennell told the court "to go ahead" and "give

---

[1] As is incumbent upon Virginia appellate courts, "[t]o the extent that this opinion discusses facts found in sealed documents in the record, we unseal only those facts." *Brown v. Va. State Bar ex rel. Sixth Dist. Comm.*, 302 Va. 234, 240 n.2 (2023).

[2] Accordingly, Fennell's speedy trial period began to run on May 19, 2025. *See* Code § 19.2-243 ("If an indictment or presentment is found against the accused but he has not been arrested . . . [the five-month period] shall commence to run from the date of his arrest.").

[3] According to the record, the circuit court judge stated that he was continuing the hearing to July 9, 2025, yet the next hearing occurred on July 7, 2025.

[him] a court appointed attorney," which the court did. It then set the matter on its September 15 term day, and from there to October 7, for a motions hearing and scheduling conference.[4]

At the October 7 hearing, Fennell, through counsel, objected to the circuit court setting a December 8 trial date. He argued that the date exceeded the applicable five-month statutory speedy trial deadline. The circuit court found Fennell's argument premature, as the statutory deadline had not yet run, and set the trial date.

Fennell subsequently filed a motion to dismiss his indictments, arguing that the statutory speedy trial period expired on October 19, 2025. The court then held a hearing on November 12, 2025. Relying on *Nelms v. Commonwealth*, 11 Va. App. 639 (1991), and *Baity v. Commonwealth*, 16 Va. App. 497 (1993) (en banc), Fennell argued that, without a set trial date, the speedy trial statute continued to run while he sought to retain counsel. The Commonwealth responded that because Fennell caused the continuances, his statutory speedy trial rights were tolled during the period he sought counsel. Specifically, the Commonwealth argued that *Nelms* and *Baity* were distinguishable because those cases addressed appointed versus retained counsel, and further, that this Court's reasoning in those cases rested on the Commonwealth's failure to establish a "causal link to the delay and the defendant's securement [sic] of counsel." These cases did not, the Commonwealth argued, stand for the proposition set forth by Fennell. The Commonwealth also argued that the approbate-reprobate doctrine barred Fennell from benefiting from the delay of his trial caused by continuances he requested.

The circuit court granted Fennell's motion. It considered *Baity* to be "right on point," as it addressed the "exact situation" presented in Fennell's case. The Commonwealth petitioned for an appeal to this Court under Code § 19.2-398(A)(1), which we granted.

---

[4] The record does not include a transcript of the September term day hearing. At the November 12, 2025 hearing, however, the circuit court made a factual finding that neither party objected to the continuance.

ANALYSIS

"On appeal, a statutory speedy trial challenge presents a mixed question of law and fact." *Young v. Commonwealth*, 297 Va. 443, 450 (2019). "In its review, this Court will give deference to the trial court's findings of fact, but review the trial court's 'statutory interpretations and legal conclusions *de novo*.'" *Brown v. Commonwealth*, 57 Va. App. 381, 390 (2010) (quoting *Sink v. Commonwealth*, 28 Va. App. 655, 658 (1998)). Ultimately, the Commonwealth bears the burden of "demonstrating that a delay in commencing trial is excused under Code § 19.2-243." *Turner v. Commonwealth*, 68 Va. App. 72, 79 (2017) (quoting *Heath v. Commonwealth*, 32 Va. App. 176, 181 (2000)). The Commonwealth fails to meet that burden here: one argument is unpreserved, and the other is without merit.

I. The Commonwealth failed to preserve the *Nelms*/*Baity* argument made on appeal.

When opposing Fennell's motion to dismiss the indictments before the circuit court, the Commonwealth argued that *Nelms* and *Baity* do not "hold a delay in obtaining counsel does not toll speedy trial but rather they hold that there was no causal link to the delay and the defendant's securement of counsel." The Commonwealth further argued that, as a result, the period from "May 27, 2025, to July 29, 2025," while Fennell sought to obtain counsel, was tolled pursuant to Code § 19.2-243(4). But on appeal, the Commonwealth now contends that *Baity* has limited applicability here, as it:

> provides only that if a defendant seeks to hire counsel *during his initial court appearance*, the reasonable period that the trial court grants . . . does not toll the speedy trial clock. But if the defendant does not hire counsel during this *initial reasonable period*, any *additional* delay caused by the defendant's efforts to hire counsel should count against the defendant.

(Emphases added).[5]  Based on this new argument, the Commonwealth contends that Fennell's speedy trial rights tolled, not as of May 27, but starting 21 days later, on June 17.

"Pursuant to Rule 5A:18, we 'will not consider an argument on appeal which was not presented to the [circuit] court.'"  *Correll v. Commonwealth*, 42 Va. App. 311, 324 (2004) (quoting *Ohree v. Commonwealth*, 26 Va. App. 299, 308 (1998)).  "[T]he 'same argument must have been raised, with *specificity*, [in the circuit court] before it can be considered on appeal.'"  *Johnson v. Commonwealth*, 58 Va. App. 625, 637 (2011) (emphasis added) (quoting *Correll*, 42 Va. App. at 324).  "[T]he *precise* nature of the objection must be clear because '[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue for [appellate] review.'"  *Mollenhauer v. Commonwealth*, 73 Va. App. 318, 329 (2021) (second and third alterations in original) (quoting *Johnson*, 58 Va. App. at 637).  "[N]either an appellant nor an appellate court should 'put a different twist on a question that is at odds with the question presented to the [circuit] court.'"  *Bethea v. Commonwealth*, 297 Va. 730, 744 (2019) (quoting *Commonwealth v. Shifflett*, 257 Va. 34, 44 (1999)).

The Commonwealth's argument—that only the continuance granted immediately following the accused's initial hearing date is reasonable and thus does not toll his speedy trial rights—was not raised with specificity before the circuit court.  Instead, the Commonwealth puts a "different twist" on the original argument challenging Fennell's reliance on *Baity*.  *Bethea*, 297 Va. at 744.  The Commonwealth now concedes that *Baity* applies but argues for a narrow reading of its scope, rather than contending, as she did before the circuit court, that *Baity* does not apply

---

[5] Indeed, this argument differs from the foreseeability argument the Commonwealth made in her petition for appeal: "[T]he *Baity* case is simply not comparable to the case at bar. . . .  The defendant Baity was given a 15-day continuance to retain counsel and the [Court of Appeals en banc] held that delay was foreseeable and in the trial court's discretion.  In this case, the defendant delayed trial for a period of 62 days . . . this Court must recognize that his delay was simply unforeseeable."  (Citations omitted).

at all.  The Commonwealth maintains, however, that the same argument was pressed in both courts: the trial delay is attributable to Fennell.  Even where a position remains the same, a party may not raise a new rationale for that position on appeal and expect this Court to consider it as an initial proposition.  *See Commonwealth v. Holland*, 304 Va. 34, 38 (2025) ("Appellate courts are a court of review, not first view.").  And we will not entertain an argument the circuit court had no opportunity to consider.  *See Riverside Hosp., Inc. v. Johnson*, 272 Va. 518, 526 (2006) ("If [the] opportunity [to rule] is not presented to the [circuit] court, there is no ruling by the [circuit] court on the issue, and thus no basis for review or action by this Court on appeal.").

Because the Commonwealth failed to raise this argument before the circuit court, the argument is unpreserved, and we do not consider it.[6]

II.  The approbate-reprobate doctrine does not bar Fennell's motion to dismiss.

The Commonwealth also contends that the approbate-reprobate doctrine bars Fennell from seeking the dismissal of his indictments on speedy trial grounds.  The Commonwealth argues that because Fennell received the benefit of multiple continuances to obtain counsel, he cannot also benefit from the dismissal of his charges for a violation of his speedy trial right.  We disagree.

---

[6] And this would have been an argument worth serious consideration.  The Commonwealth contends that *Baity* does not control where, as here, a circuit court grants an accused multiple continuances to secure retained counsel of his choice while declining to set any trial date, limiting proceedings to successive "counsel hearings" until counsel is secured.  Because this argument was not properly preserved, we are precluded from deciding whether *Baity* limits tolling under Code § 19.2-243(4) to a single, "initial" court appearance or whether, more broadly, tolling extends to the entire period of securing counsel while the court declines to set a trial date, given our express language in *Baity* that delay attributable to an accused initially securing counsel is "inherent in the orderly process of fixing a trial date" and thus does not count against an accused for speedy trial purposes.  16 Va. App. at 507.  Thus, the question remains open.  *See Butcher v. Commonwealth*, 298 Va. 392, 398 n.7 (2020) (recognizing Virginia's preference for deciding cases "upon the best and narrowest grounds available").

"The 'approbate and reprobate' doctrine applies when the error the defendant complains of on appeal is 'obviously the result of his own strategy and actions at trial.'" *Commonwealth v. Holman*, 303 Va. 62, 72 (2024) (quoting *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009)). A party violates the approbate-reprobate doctrine "by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory." *Rowe*, 277 Va. at 502 (quoting *Cangiano v. LSH Bldg. Co.*, 271 Va. 171, 181 (2006)). "The prohibition against approbation and reprobation forces a litigant to elect a particular position, and confines a litigant to the position that [they] first adopted." *Matthews v. Matthews*, 277 Va. 522, 528 (2009). "[A]pplication of the doctrine does not turn on whether a litigant has made a specific stipulation. Instead, we have described the doctrine as confining a litigant to a particular position." *Holman*, 303 Va. at 74. "We have held that the approbate and reprobate doctrine is limited to circumstances when 'the litigant being estopped *actually made* a previous affirmative, inconsistent representation to a court.'" *W. Refin. Yorktown, Inc. v. County of York*, 292 Va. 804, 827 (2016) (emphasis added) (quoting *Wooten v. Bank of Am., N.A.*, 290 Va. 306, 310 (2015)).

For the approbate-reprobate doctrine to apply, Fennell must have "actually made a previous affirmative, inconsistent representation" that he was then contradicting in his motion to dismiss. *Id.* In his motion to dismiss, Fennell argued that the period during which he sought counsel did not toll the statutory speedy trial deadline, and therefore the court was required to dismiss his indictments. Yet the record does not demonstrate that at any point Fennell argued the contrary: that the period during which he sought counsel *did* toll the statutory speedy trial deadline. *See Matthews*, 277 Va. at 528 ("The prohibition against approbation and reprobation forces a litigant to elect a particular position, and confines a litigant to the position that she first adopted."). Although Fennell has received an additional, perhaps unexpected, benefit—the dismissal of his charges—from the delays that originally benefited him, this is not enough to bar

- 7 -

the dismissal of his indictments under the approbate-reprobate doctrine.  The Commonwealth fails to establish that Fennell advocated for a position different from the one he advanced before the circuit court.  Thus, we hold that the approbate-reprobate doctrine did not bar Fennell's motion to dismiss, and the circuit court did not err in its judgment.

CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*