Present:  All the Justices

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

v.  Record No. 941263        OPINION BY JUSTICE HENRY H. WHITING
                                      June 9, 1995

MARY ELLEN HAINES, ET AL.

FROM THE CIRCUIT COURT OF ROANOKE COUNTY
Kenneth E. Trabue, Judge

In this appeal in a declaratory judgment action, we consider the effect of an admission obtained under Rule 4:11 upon the party making the admission and upon other parties to the action.

In August 1990, Mary Ellen Haines (Haines) bought a 1984 Subaru station wagon for the use of her daughter Jennifer. Haines took title to the Subaru and added it to her State Farm Mutual Automobile Insurance Company (State Farm) liability policy, with Haines shown as the named insured and Jennifer as the primary driver.  Jennifer made the down payment on the vehicle and paid half of the deferred monthly payments, as well as that portion of Haines's insurance premiums attributable to the Subaru.

No restrictions were placed on Jennifer's use of the Subaru when it was purchased or two months later when she took it with her and moved into an apartment with Daniel Todd Walton (Walton), to whom she was married shortly thereafter.  However, after seeing Walton driving the Subaru, Haines told Walton and Jennifer that Walton could not drive it because his driver's license had been suspended for one year.  Haines told Walton and Jennifer that Walton had to be a licensed driver and have insurance "to drive the car."

On February 8, 1991, Walton was driving the Subaru when he ran off Interstate Highway 64 in Allegheny County, killing one passenger, Paul A. Thurston, Jr., and injuring two other passengers, Lorie A. Forbes and Karen R. Vance. State Farm was notified by representatives of the three passengers of their intent to assert claims against Walton arising from his allegedly negligent operation of the Subaru. As pertinent here, State Farm's liability insurance policy provided coverage to Walton if his operation of the Subaru was "with the permission of the named insured, provided his actual operation . . . is within the scope of such permission."

State Farm filed this declaratory judgment proceeding against Haines, Walton, Jennifer, Paul A. Thurston, Sr., administrator of the estate of Paul A. Thurston, Jr. (the administrator), Forbes, Vance, and other insurance companies whose liabilities might be affected by a ruling upon State Farm's liability under its policy. In paragraph 9 of its original and amended motion for declaratory judgment, State Farm alleged that:

> At the time of the accident, Daniel T. Walton had no license to operate a motor vehicle and had been expressly forbidden by Mary Ellen Haines from operating the Haines automobile. This prohibition had been directly communicated to both Daniel T. Walton and Jennifer Haines Walton prior to the accident.

Haines admitted these allegations in her answer to the amended motion for declaratory judgment filed on October 2, 1991.

On May 4, 1992, Haines unequivocally admitted the following of State Farm's requests for admissions:

7. At the time of the accident, Daniel T. Walton had no license to operate a motor vehicle and had been expressly forbidden by Mary Ellen Haines from operating the 1984 Subaru automobile referred to above. This prohibition had been directly communicated to both Daniel T. Walton and Jennifer Haines Walton by Mary Ellen Haines prior to the accident.

RESPONSE: Admit

8. At the time of the accident, Daniel T. Walton did not have permission from Mary Ellen Haines to be operating the 1984 Subaru automobile.

RESPONSE: Admit

At a jury trial on December 2, 1993, the parties agreed that the defendants had the risk of nonpersuasion on their claim that Haines had given Walton permission to operate the Subaru. Haines was the defendants' only witness who testified on the issue whether she had given permission to Walton to operate the Subaru. Haines's testimony was introduced over the objection of State Farm, which asserted that she was bound by her responses to the above requests for admission and could not testify to the contrary either in her own behalf or on behalf of the other defendants.

Haines testified that the reason she prohibited Walton's operation of the Subaru was (1) that she thought his driver's license suspension would continue until he further contacted the court and recovered actual possession of his license, and (2) that she thought Walton would not be insured under her State Farm policy unless he was "placed on the policy that I had." Haines further testified that "[i]f [Walton] is licensed and has

insurance, yes, he may drive [the Subaru]."  On its cross-examination of Haines, State Farm read into evidence numbers seven and eight of the requests for admission and Haines's responses thereto.

The defendants also introduced into evidence a record of the Juvenile and Domestic Relations District Court of Allegheny County showing that Walton's "privilege to operate a motor vehicle is suspended for 12 months [effective February 2, 1990]."  The trial court ruled that he again became a licensed driver on February 2, 1991, six days before the accident.

Overruling State Farm's motions to strike the defendants' evidence at the conclusion of their case and again at the conclusion of State Farm's case, the court submitted the permission issue to a jury.  The jury found that Walton had Haines's express or implied permission to operate the Subaru, and the court entered judgment on the verdict.  State Farm appeals.

As pertinent, Rule 4:11(a) provides that "[a] party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 4:1(b)."  As relevant here, Rule 4:1(b) provides that parties may obtain discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action."  Rule 4:11(b) provides in pertinent part that:

> Any matter admitted under this Rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. . . .

Any admission made by a party under this Rule is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against him in any other proceeding.

The defendants never moved the court to permit Haines's admissions to be withdrawn or amended.

The defendants argue that Haines's admissions do not bind her or them. First they contend that State Farm's use of the requests for admission was one "inconsistent with the spirit of the rules as described by this Court," since the purpose of Rule 4:11 is to relieve a litigant of the burden of proving undisputed facts. And the defendants note that the question of permission is "the sole issue in dispute." The defendants cite TransiLift Equip., Ltd. v. Cunningham, 234 Va. 84, 90, 360 S.E.2d 183, 186–87 (1987), DeRyder v. Metropolitan Life Ins. Co., 206 Va. 602, 611, 145 S.E.2d 177, 183 (1965), and General Accident Fire and Life Assurance Corp. v. Cohen, 203 Va. 810, 813, 127 S.E.2d 399, 401 (1962), in support. We find no merit in this contention.

The flaw in this contention is that the issue of permission was not in dispute between State Farm and Haines when the requests for admission were made. This was not the situation in Cohen, in which a litigant failing to answer a request for admission had denied the facts contained in the request in a previously filed pleading. Here, Haines's answer to the motion for declaratory judgment indicated that the issue of permission was not in dispute, and when the requests for admission were

-5-

filed later, she agreed that she had not given permission and had forbidden Walton's operation of the Subaru.

Nor was an undue hardship being imposed upon Haines that would have justified her refusal to establish the opposing litigant's case, as in DeRyder, 206 Va. at 611-12, 145 S.E.2d at 183-84. Haines was simply requested to admit a fact within her own knowledge.

We did not decide whether a request for admission was proper in TransiLift. Instead, since the admissions were not introduced into evidence, we held that they were not binding upon the litigant who made the admissions. 234 Va. at 92, 360 S.E.2d at 188.

Next, the defendants claim that the requests for admission "did not conform to the required standards of clarity and fairness." According to the defendants, the request that Haines admit that "Walton had no license to operate a motor vehicle" was confusing because it could have meant that Walton "did not have a license with him, that he was not eligible for a license or that the DMV had never issued him a license." Additionally, the defendants contend that the request for admission asked Haines to admit something "which the evidence at trial showed to be untrue [since] [t]he trial court found, as a matter of law, that Danny Walton had a valid driver's license."

We need not consider this argument since the balance of request number seven clearly asked for an admission that at the

time of the accident, "Walton . . . had been expressly forbidden by Mary Ellen Haines from operating the [Haines automobile]." And request number eight was equally clear in asking that Haines admit that "[a]t the time of the accident, Daniel T. Walton did not have permission from Mary Ellen Haines to be operating the 1984 Subaru automobile." These were requests for an admission of matters within Haines's knowledge. And she admitted unequivocally that, at the time of the accident, not only had she not given permission for Walton's operation of the Subaru, but she had expressly <u>forbidden</u> him to do so.

Since State Farm's request for Haines's admission regarding permission was clear and fair, we find no merit in the defendants' first contention. Accordingly, we hold that Haines's responses "conclusively established" that she had not only not given Walton permission to operate the Subaru, but had forbidden him to do so. Rule 4:11(b). Because those responses were judicial admissions that bind Haines in this proceeding, the trial court erred in admitting her testimony to the contrary in support of the defendants' case.

Finally, the other defendants contend that even if Haines is bound by her admissions, they are not. We agree that Haines's admissions would not preclude the defendants from introducing evidence other than Haines's testimony to show that she had given permission to Walton. However, these defendants did not do so; instead, they relied solely upon Haines's testimony, which was

–7–

inadmissible.  Since there was no other evidence from which the jury could have found that Haines had given permission to Walton to operate the Subaru, the trial court erred in failing to sustain State Farm's motions to strike the defendants' evidence.

Accordingly, we will reverse the judgment of the trial court.  We will also enter a final judgment for State Farm that it is not obligated under its insurance contract to provide a defense and coverage to Walton with respect to the claims of the administrator, Forbes, or Vance.  We will remand the case for further proceedings upon Virginia Farm Bureau Mutual Insurance Company's cross-motion for declaratory judgment against Vance, which was stayed by the court pending this appeal.

Reversed,
final judgment in part,
and remanded in part.