COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Callins and Frucci
Argued at Lexington, Virginia


SADIE JADE HAMRIC

MEMORANDUM OPINION[*] BY
v.        Record No. 1287-24-3         JUDGE DOMINIQUE A. CALLINS
SEPTEMBER 30, 2025

SARAH ABBOTT ROBIC


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Shannon T. Sherrill, Judge

James J. O'Keeffe IV (Anthony M. Russell; Les S. Bowers;
MichieHamlett, PLLC, on briefs), for appellant.

Wm. Tyler Shands (Kerrigan O'Malley; Carter & Shands, PC, on
brief), for appellee.


Following a jury trial, Sadie Jade Hamric appeals the trial court's verdict in favor of Sarah

Abbott Robic on Hamric's negligence claim.  Hamric alleged that she sustained significant

injuries after Robic negligently operated a motor vehicle while intoxicated, leading to a car

accident.  On appeal, Hamric challenges the trial court's denial of her motion *in limine* to

exclude evidence of Robic's intoxication and her motions to strike Robic's evidence in support

of the affirmative defenses of assumption of risk and contributory negligence.  We affirm the

judgment of the trial court.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND[1]

On April 6, 2021, Hamric asked Robic to help her move from her residence in the Richmond City area. Hamric drove herself and Robic to her residence, where they both packed Hamric's belongings. They then went to a Mexican restaurant, where they "picked" at chips and salsa and each drank two margaritas. Robic also had a beer, and Hamric also drank an unspecified alcoholic beverage. After leaving the restaurant, they walked to a nearby pub. At the pub, Robic had at least another 16-ounce beer, and Hamric also consumed alcohol; Robic could not recall how much beer she consumed at the pub. Hamric and Robic both drank a "couple" of "green tea shooters." [2] Hamric paid for the drinks at both the Mexican restaurant and the pub.

After leaving the pub, Hamric asked Robic to drive them from Richmond. At trial, Robic testified that she did not "feel" impaired from the alcohol consumption, but that she was "obviously intoxicated." About 90 minutes into the trip, while driving in the left lane, Robic noticed a truck "on the right side . . . encroaching on [Hamric and Robic]." Robic "jerked" her car to the left, causing her vehicle to go off the roadway and roll down an embankment. Hamric and Robic were both injured as a result.

Hamric sued Robic for the injuries she sustained in the car accident. Hamric's complaint alleged that Robic was negligent by "operating a vehicle under the influence of self-administered drugs or intoxicants." Robic's responsive pleadings initially denied the allegation that she was intoxicated but indicated her intent "to rely on the defenses of contributory negligence and/or assumption of the risk." Robic later "admit[ed] she had a few beers but that she was not

---

[1] "When reviewing a [trial] court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Wolfe v. Jiang*, 83 Va. App. 107, 111 (2025) (quoting *Nielsen v. Nielsen*, 73 Va. App. 370, 377 (2021)). In this case, Robic prevailed in the trial court.

[2] A "green tea shooter[]" is "some sweet concoction of Irish whiskey and peach schnapps."

intoxicated," and again asserted her assumption of risk and contributory negligence defenses. In response to Hamric's requests for admission, Robic likewise admitted that she was negligent on the night in question and that her negligence was "a proximate cause of the" accident. At her deposition, Robic later indicated that she did not "personally feel any influence of alcohol" and that she "fe[lt] like [she was] capable of driving." She also acknowledged that she was charged with DUI, although the Commonwealth ultimately moved to nolle prosequi the charge due to a defect in venue.

Before trial, Hamric moved *in limine* to exclude any evidence that Robic was intoxicated, arguing that she was bound by the denials in her pleadings as a "judicial admission," and under the doctrine of approbate and reprobate. The trial court denied the motion, finding that both parties had sufficient notice that Robic's intoxication was a disputed fact to be determined at trial.

At trial, Robic maintained that she "didn't feel under the influence of any alcohol" on the date of the accident and presented the testimony outlined above.[3] Robic also called Hamric as an adverse witness. Hamric testified that both she and Robic consumed two margaritas at the Mexican restaurant; she could not recall if either individual had also consumed beer or green tea shooters at the pub. But she acknowledged bank records showing that she had paid three bills at the pub: one for $63, one for $98, and the last for $26.15, for a total of $186.16. The bank records did not specify what was purchased at the pub. Hamric acknowledged the danger of drunk driving. Although she denied that she herself felt impaired the day of the car accident, she was confronted

---

[3] Hamric testified on her own behalf at trial and presented no other witnesses. She testified to her background and profession, her relationship with Robic, her recollection of the accident, her pain, suffering, and physical injuries, and her monetary damages. She otherwise read into evidence Robic's admissions that she was negligent and that her negligence was a proximate cause of the accident. Similarly, she read into evidence Robic's denial in her answer that she was intoxicated at the time of the accident.

with her earlier deposition statement that she had felt "a little" drunk and determined it was best for another to drive.

Dr. Samuel Rutherfoord Rose testified for Robic as an expert toxicologist. After reviewing the results of a blood alcohol test and Robic's medical records, he opined that at the time of the car accident, both Hamric and Robic had a 0.21 or 0.22 blood alcohol concentration. Dr. Rose testified that a BAC above 0.2 would cause "distinct effects" on "perception and judgment." Those impairments affect the ability to approximate speed, distance, and reaction time, as well as to appropriately assess and respond to threats. Dr. Rose noted that alcohol impairment can result in "weaving" and straying from a lane of travel while driving. He stated that "people who drink alcohol often . . . say they don't feel intoxicated yet they are unable to drive safely." Dr. Rose concluded that "the ability to drive, regardless of what you look like, is clearly impaired above .08 [BAC] and absolutely above a .2" BAC and that the impairment at the latter BAC level would be "observable."

At the close of Robic's case, Hamric moved to strike the contributory negligence and assumption of risk defenses, arguing that there were insufficient facts to support either claim, including insufficient evidence that either alleged action proximately caused Hamric's injuries. The trial court denied Hamric's motions. The trial court then instructed the jury, including on the law of assumption of risk, contributory negligence, and proximate cause. The jury found in favor of Robic, and the trial court entered judgment in her favor accordingly. Hamric appeals.

ANALYSIS

On appeal, Hamric brings two challenges: first, to the trial court's denial of her motion *in limine*, and second, to the trial court's denial of her motions to strike Robic's evidence. This Court reviews the trial court's denial of Hamric's motion *in limine* for an abuse of discretion. *See Davenport v. Util. Trailer Mfg. Co.*, 74 Va. App. 181, 206 (2022). "The abuse of discretion

standard draws a line—or rather, demarcates a region—between the unsupportable and the merely mistaken, between the legal error . . . that a reviewing court may always correct, and the simple disagreement that, on this standard, it may not." *Jefferson v. Commonwealth*, 298 Va. 1, 10-11 (2019) (alteration in original) (quoting *Reyes v. Commonwealth*, 297 Va. 133, 139 (2019)). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse merely because it would have come to a different result in the first instance." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) (alterations in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)). "[O]nly when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Galiotos v. Galiotos*, 300 Va. 1, 11 (2021) (quoting *Sauder v. Ferguson*, 289 Va. 449, 459 (2015)).

The questions presented by Hamric's challenges to the trial court's denial of her motions to strike require this Court to review the sufficiency of the evidence to support Robic's theory of the case. "It is well-settled that 'a party who comes before [an appellate court] with a jury verdict approved by the [trial] court "occupies the most favored position known to the law."'" *N. Va. Kitchen, Bath & Basement, Inc. v. Ellis*, 299 Va. 615, 622 (2021) (quoting *Ravenwood Towers, Inc. v. Woodyard*, 244 Va. 51, 57 (1992)). And where, as here, "the [trial] court has 'declined to strike the [non-moving party's] evidence . . . the standard of appellate review in Virginia requires this Court to consider whether the evidence presented, taken in the light most favorable to the [non-moving party], was sufficient to support the jury verdict in favor of the [non-moving party].'" *Id.* (quoting *Parson v. Miller*, 296 Va. 509, 523-24 (2018)). "As a general rule, [w]e will not set aside a [trial] court's judgment sustaining a jury verdict unless it is 'plainly wrong or without evidence to support it.'" *Id.* (first alteration in original) (quoting *Parson*, 296 Va. at 524). "When evaluating a motion to strike, the [trial] court must not judge

the weight or credibility of evidence, because to do so 'would invade the province of the jury.'" *Boyette v. Sprouse*, 79 Va. App. 558, 574 (2024) (alteration in original) (quoting *Dill v. Kroger Ltd. P'ship I*, 300 Va. 99, 109 (2021)).

Relatedly, the jury's verdict form in this case merely indicates that it "f[ound] in favor of the defendant," without indicating upon which defense such finding was grounded. *See Davis v. Commonwealth*, 63 Va. App. 45, 50 n.6 (2014) ("A general verdict is one 'by which the jury finds in favor of one party or the other, as opposed to resolving specific fact questions.'" (quoting *General Verdict*, *Black's Law Dictionary* (9th ed. 2009))). "[I]n civil cases, a general verdict is presumed to be responsive to all the issues in the case affecting the correctness of the verdict, and it is only where it affirmatively appears from the record that it is uncertain whether the verdict responds to all such issues that it will be held to be invalid." *Fields v. Commonwealth*, 129 Va. 774, 780 (1921) (citation omitted). Thus, we "need not determine the precise reason" for the jury's verdict in favor of Robic but "may rely upon any reasonable basis in the record that supports" the jury's findings. *See Minh Duy Du v. Commonwealth*, 292 Va. 555, 566 (2016).

Each of the issues raised by Hamric are considered in turn.

I. Hamric's Motion *in Limine*

Hamric first argues that "reasonable jurists could not disagree that Robic was bound by her pleadings." Hamric contends that Robic admitted that she was sober in her answer and that such admission was a "judicial admission" which could not be "thereafter qualified, explained, or rebutted by other evidence." *Gen. Motors Corp. v. Lupica*, 237 Va. 516, 520 (1989). Hamric also argues, relying on *Berry v. Klinger*, 225 Va. 201 (1983), that Robic approbated and reprobated by claiming that she was sober in her pleadings but purportedly reversing course at trial. We disagree.

"Under well-settled Virginia law, '[a] litigant's pleadings are as essential as his proof, and a court may not award particular relief unless it is substantially in accord with the case asserted in those pleadings.'" *Allison v. Brown*, 293 Va. 617, 625 (2017) (alteration in original) (quoting *Dabney v. Augusta Mut. Ins. Co.*, 282 Va. 78, 86 (2011)). "When an issue has been taken from a case by an unqualified admission of liability it is error to receive evidence which is material solely to the excluded matter." *Eubank v. Spencer*, 203 Va. 923, 925 (1962). "The admission may not be thereafter qualified, explained, or rebutted by other evidence." *Lupica*, 237 Va. at 520. Put differently, the "evidence tending to prove the fact admitted becomes irrelevant." *Id.*

"The essence of a judicial admission is its conclusiveness. To constitute a judicial admission, the admission must conclusively establish a fact in issue." *Jones v. Ford Motor Co.*, 263 Va. 237, 254 (2002) (quoting *Lupica*, 237 Va. at 520). For example, a party may make a judicial admission by admitting or failing to properly respond to a request for admission during discovery, *Llewellyn v. Fechtel*, 83 Va. App. 364, 381 (2025) (discussing Rule 4:11(a)), or where they fail to deny a fact alleged in an adverse party's pleading, *Kelly v. Carrico*, 256 Va. 282, 284 n.3 (1998) (discussing Rule 1:4(e)).

Meanwhile, "[t]he approbate-reprobate doctrine is broader and more demanding." *Nelson v. Commonwealth*, 71 Va. App. 397, 405 (2020) (quoting *Alford v. Commonwealth*, 56 Va. App. 706, 709 (2010)). "A litigant cannot 'approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory,' or else such arguments are waived." *Amazon Logistics, Inc. v. Va. Emp. Comm'n*, ___ Va. ___, ___ (Mar. 6, 2025) (quoting *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009)). "The doctrine protects a basic tenet of fair play: No one should be permitted, in the language of the vernacular, to talk through both sides of his mouth." *Wooten v. Bank of Am.*,

*N.A.*, 290 Va. 306, 310 (2015). To invoke the doctrine, a litigant is required to "show[] that the litigant being estopped actually made a previous, affirmative, inconsistent representation to a court." *Id.* Litigants must "'elect a particular position' and are thereafter confined 'to the position that [they] first adopted.'" *Amazon Logistics*, ___ Va. at ___ (alteration in original) (quoting *Matthews v. Matthews*, 277 Va. 522, 528 (2009)).

Here, the trial court did not err in denying Hamric's motion *in limine* since Robic's statements at issue were not judicial admissions and she did not approbate and reprobate through her course of conduct at trial. Hamric's complaint alleged that Robic "was too impaired to operate a vehicle" and "was operating the vehicle while under the influence of self-administered drugs or intoxicants." Robic's original answer to the complaint responded to these allegations with a blanket denial; in a subsequent answer—filed by Robic's "excess carrier"—Robic "admit[ted] she had a few beers but that she was not intoxicated." In response to certain requests for admission lodged by Hamric, Robic admitted that she "was negligent in the operation" of the vehicle and that her negligence "was a proximate cause of the . . . [accident]." While this litigation was pending, Robic pleaded not guilty to DUI, a charge which was ultimately subject to a nolle prosequi due to a defect in venue. During her deposition and at trial, Robic maintained that she did not "personally feel any influence of alcohol or anything when [she] started driving." At all times, however, Robic asserted affirmative defenses of contributory negligence and assumption of the risk "depending on the development of further evidence."

Robic made no judicial admission that she was intoxicated through any of these actions. Her denial of intoxication in her answers cannot qualify as a judicial admission since the denial does not "conclusively establish" her intoxication; to the contrary, it reflects that Robic, from the start of the litigation, sought to contest that issue. *Jones*, 263 Va. at 254; *see also Kelly*, 256 Va. at 284 n.3. While she did make judicial admissions as to her negligence and the fact that her

negligence was "*a* proximate cause" of the accident in responding to Hamric's requests for admissions, Robic never admitted that she was in fact intoxicated or that her negligence was the *sole* proximate cause of the accident. *See Fechtel*, 83 Va. App. at 381. Likewise, the mere fact that Robic pleaded not guilty to DUI furnishes no conclusiveness to the question of her intoxication; she was entitled to defend herself in the criminal proceedings, and to deny inquiries in the civil litigation which would have incriminated her. *Cf. Husske v. Commonwealth*, 252 Va. 203, 214 (1996) ("This prohibition [in the Fifth Amendment of the United States Constitution] 'not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" (quoting *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973))).

Hamric cites to *State Farm Mutual Automobile Insurance Company v. Haines*, 250 Va. 71 (1995), in support of her position that Robic's representations constituted judicial admissions. But, in doing so, she glosses over the key distinctions made by our Supreme Court in that case. There, "Haines's answer to the motion for declaratory judgment indicated that the issue of permission was not in dispute, and when . . . requests for admission were filed later, she agreed that she had not given permission [to her son to operate her car]." *Haines*, 250 Va. at 76. Under those facts, our Supreme Court found that Haines admitted the fact at issue and was therefore bound by it. *Id.* at 77 ("[T]he trial court erred in admitting her testimony to the contrary in support of [Haines's] case.").

The Court drew a distinction between the *Haines* facts and those presented in *General Accident Fire and Life Assurance Corp. v. Cohen*, 203 Va. 810 (1962). There, our Supreme Court ruled that a failure to reply to a request for admission did not constitute a judicial admission by the unresponsive party where the party denied the fact at issue in a prior pleading,

- 9 -

making the fact disputed. *Cohen*, 203 Va. at 813-15. This distinction—whether the fact at issue was denied in a prior pleading or not—was the linchpin of the Court's analytical framework in *Haines*. 250 Va. at 76 ("This was not the situation in *Cohen*, in which a litigant failing to answer a request for admission had denied the facts contained in the request in a previously filed pleading."). And although, here, Hamric does not allege that Robic failed to respond to a request for admission regarding her intoxication, the critical point remains: Robic denied her intoxication from the beginning of this litigation. Therefore, Hamric's argument that Robic made a judicial admission fails.

Likewise, the doctrine of approbate-reprobate is inapplicable. Robic's theory for her defense did not waver throughout the course of litigation. At the pleading stage, Robic denied the allegation that she was intoxicated, although she admitted to consuming alcohol prior to driving. At the same time, she indicated to Hamric that she would pursue affirmative defenses of contributory negligence and assumption of risk. In discovery she admitted her own negligence, the fact that her negligence was at least *a* probable cause of the accident, and otherwise denied that she felt intoxicated while operating the vehicle. She maintained this narrative at trial as well: Robic's testimony reflected that she did not "feel under the influence" despite having consumed a significant amount of alcohol prior to the accident. Further, because Robic's intoxication was at issue and was relevant to her affirmative defenses, Dr. Rose's expert testimony as to the parties' BACs does not reflect a deviation from the position Robic maintained in these proceedings. In other words, Robic did not "tak[e] successive positions . . . that [were] either inconsistent with each other or mutually contradictory." *Amazon Logistics*, ___ Va. at ___. To the contrary, her defense theory was consistent from the beginning.

For these reasons, Hamric's reliance on *Klinger* is misplaced. There, plaintiffs asserted in their pleadings and in their initial arguments at trial "that the language [of a contract] in

- 10 -

question was unambiguous." *Klinger*, 225 Va. at 207. Despite this, the plaintiffs sought to change course and argue that the language at issue was ambiguous to circumvent the parol evidence rule. *Id.* at 207-08. Our Supreme Court was unpersuaded due to the extreme shift in strategy at a late stage in the litigation and affirmed the trial court's decision to grant the defendant's motion to strike. *Id.* at 207-10. We confront an entirely different story here. Robic did not, as the *Klinger* plaintiffs did, without notice completely change her theory of the case after trial began. To the contrary, she expressed the same view of the facts and the same legal theories at trial as pleaded in her answers and indicated during discovery.

Therefore, the trial court did not abuse its discretion in denying Hamric's motion *in limine*.

II. Contributory Negligence

Hamric next argues that the trial court erred by denying her motion to strike Robic's affirmative defense of contributory negligence. She argues that Robic's defense of contributory negligence should have been stricken since Robic testified that she did not feel intoxicated and that the tractor trailer that veered into her lane caused the accident. We disagree.

"The elements of an action in negligence are a legal duty on the part of the defendant, breach of that duty, and a showing that such breach was the proximate cause of injury, resulting in damage to the plaintiff." *Blue Ridge Serv. Corp. v. Saxon Shoes, Inc.*, 271 Va. 206, 218 (2006). "The essence of contributory negligence is carelessness." *Arrington v. Graham*, 203 Va. 310, 314 (1962). "[O]ne who knows *or in the exercise of ordinary care should know* that the driver had been drinking intoxicating beverages to such an extent that his ability to drive has been or is likely to have been impaired and voluntarily enters the automobile . . . is contributorily negligent." *Budzinski v. Harris*, 213 Va. 107, 110 (1972). "It is not sufficient merely to establish that the driver of an automobile has been drinking and that the passenger knew that

- 11 -

fact." *Rice v. Charles*, 260 Va. 157, 166 (2000). "The evidence must also prove that the driver's ability to operate the vehicle was impaired because of the consumption of alcoholic beverages, that the passenger knew, or in the exercise of ordinary care should have known, of the driver's impaired ability, and that the passenger nevertheless entered . . . the vehicle." *Id.* Thus, for purposes of contributory negligence, actual "knowledge of the risk is not necessary if, in the exercise of ordinary care, one should have known of its existence." *Budzinski*, 213 Va. at 110.

"It is well established that, when an adverse party is called and examined by an opposing party, the latter is bound by all of the former's testimony that is uncontradicted and is not inherently improbable." *Economopoulos v. Kolaitis*, 259 Va. 806, 812 (2000). Our Supreme Court examined the adverse party witness rule at length in *Colas v. Tyree*, 302 Va. 17 (2023). "[T]he adverse party witness rule requires a reviewing court to examine the testimony of a party called as a witness by the opposing party and to sift what is uncontradicted from what is contradicted (or inherently incredible)." *Colas*, 302 Va. at 28. "If testimony from an adverse party witness is uncontradicted on a specific factual point, the plaintiff is bound by it." *Id.* "In addition, we have repeatedly rejected the notion that the 'positive testimony' of an adverse party witness—specific factual testimony—can be overcome by other evidence, such as inferences drawn from primary facts, or 'negative' testimony from a witness." *Id.* "We have . . . applied the adverse party witness rule to affirmative defenses, such as assumption of the risk and contributory negligence." *Id.* at 27.

Here, the trial court did not err in denying Hamric's motion to strike Robic's affirmative defense of contributory negligence. The record demonstrates that Hamric spent much of the day drinking with Robic, despite knowing that one of the two of them would need to drive a truck from central to western Virginia. Although Robic averred that she did not "feel like [she] w[as] impaired," and Hamric testified that she "knew [Robic] was fine" to drive, Hamric paid for the

both of them to drink heavily that day. Hamric and Robic *each* drank (1) two margaritas, (2) a beer, and (3) "a couple" of "green tea shooter[s]." Hamric and Robic "consume[d] [alcohol] at the same rate." By the time of the accident, Hamric and Robic each had BACs above 0.2, at which the point the effects of the alcohol would have been "invariable."

Inexplicably, however, Hamric fervently expressed that she was "aware of the dangers of drunk driving," that she "wouldn't drive if [she] had been drinking at all, never," and that she would not enter a vehicle if the operator "[was] intoxicated." Her rationale for not driving on the date of the accident was that since she thought she was "a little bit" impaired and "[Robic] seemed fine," she "decided [she] didn't want to drive." The evidence established that Hamric was aware of the risk after purchasing all of the considerable alcohol that she and Robic consumed, thus had actual knowledge that Robic had engaged in heavy drinking throughout the day, and nonetheless chose to have Robic drive a long distance. In other words, Hamric carelessly entered the vehicle with Robic behind the wheel and actually asked and encouraged Robic to drive her that long distance.

Further, Hamric overstates the import of the adverse party witness rule in this case. Although Robic was bound by Hamric's testimony as an adverse witness, Hamric's testimony could be rebutted by other positive evidence put forth by Robic. *Colas*, 302 Va. at 28. Thus, Hamric's testimony that she "knew [Robic] was fine" to drive is not considered in a vacuum. By putting on the positive testimony of Dr. Rose that Hamric and Robic were impaired—with BACs at almost thrice the legal limit—Robic presented other evidence that contradicted Hamric's assertion that Robic was "fine" to drive. By doing so, the adverse party witness rule ceased operation and Hamric's adverse witness testimony was no longer binding on Robic. And the facts asserted by Dr. Rose, when coupled with Hamric's testimony—as an adverse party

witness—that she financed the parties' heavy drinking that day, provide sufficient evidentiary support to sustain the jury's verdict.

Indeed, the jury's general verdict is not plainly wrong or without evidentiary support since Hamric, "in the exercise of ordinary care . . . should have known" of Robic's intoxication. *Budzinski*, 213 Va. at 110. Given that Hamric was "aware of the dangers of drunk driving" and would not "drive if [she] had been drinking at all, never," it follows that Hamric should have known, in the exercise of ordinary care, that Robic would be intoxicated after a day of heavy drinking. Because Dr. Rose testified without contradiction that Robic's ability to operate the vehicle would have been impaired due to her high BAC, and Hamric testified that she "decided" that Robic should drive even knowing the volume of alcohol Robic consumed that day, the jury could reasonably find that Hamric was contributorily negligent. *Rice*, 260 Va. at 166. And because the jury so found, Hamric is barred from recovering on her negligence claim against Robic. *See Rodrigue v. Butts-Franklin*, 79 Va. App. 645, 655 (2024) ("If the plaintiff's injury occurs because the plaintiff failed to exercise reasonable care *contemporaneously* or *concurrently* with the negligent act of the defendant, it constitutes contributory negligence that bars the plaintiff's recovery.").

Hamric argues, however, that Robic's affirmative defenses fail because she made a judicial admission while testifying as to the issue of causation. On cross-examination, when prompted by Hamric that her position "has always been from the time [Robic] spoke to the trooper . . . that the [accident] happened . . . because a tractor trailer moved into [her] lane," Robic responded "[y]es, sir, that's what caused it." It is true, as Hamric suggests, that "a litigant should not be permitted to profit at another's expense by asking the trier of fact to make findings that contradict the litigant's own sworn statements about facts within his knowledge. Such

statements by a litigant, when unequivocal and against his own interest, have the effect of judicial admissions." *Henderson v. Henderson*, 255 Va. 122, 127 (1998).

But this rule "must be applied in the context of the litigant's entire testimony." *Id.* "[A]n adverse statement by a litigant that stands in isolation from the rest of his testimony concerning the fact at issue will not trigger" the rule. *Id.* This single statement from Robic cannot be found to have triggered the rule described in *Henderson*, particularly viewed against the backdrop of the entirety of her evidence. Robic admitted in discovery that she was negligent and a proximate cause of the accident and testified at length about her drinking and driving. Dr. Rose testified that Robic would have been too impaired to drive. Further, Robic could not testify as to ultimate legal questions, including the question of proximate causation. *Richards v. Commonwealth*, 107 Va. 881, 889 (1908) ("It is well settled that the opinions of witnesses are generally inadmissible; that they must testify to facts only, and not as to opinions or conclusions based upon facts."). Thus, Hamric's argument on this point fails.

As a result, the jury could have reasonably found that Hamric was contributorily negligent. Such a finding would not be plainly wrong or without evidentiary support.

CONCLUSION[4]

For the foregoing reasons, we affirm the judgment of the trial court.

*Affirmed*.

---

[4] Because we hold that the jury's verdict in Robic's favor was not plainly wrong or without evidentiary support based on contributory negligence, we do not reach Hamric's arguments regarding the sufficiency of the evidence on Robic's assumption of risk defense. *See Butcher v. Commonwealth*, 298 Va. 392, 396 (2020) ("As we have often said, 'the doctrine of judicial restraint dictates that we decide cases "on the best and narrowest grounds available."'" (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017))).